MORGAN D. WELTON, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

107 N. W. 2d 394

Filed February 3, 1961. No. 34810.

*Tedd C. Huston*, for plaintiff in error.

*Clarence A. H. Meyer*, Attorney General, and *Gerald S. Vitamvas*, for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

BOSLAUGH, J.

The plaintiff in error, who will be referred to herein as the defendant, was charged with contributing to the delinquency of Marjorie Davenport, a child under 18 years of age, in violation of section 28-477, R. R. S. 1943. The complaint was originally filed in the county court of Garfield County, Nebraska. Upon a plea of guilty, the defendant was sentenced to imprisonment in the county jail and to pay a fine and costs.

The defendant appealed to the district court for Garfield County, Nebraska, he pleaded not guilty, and upon trial to a jury was found guilty. His motion for new trial was overruled and he was sentenced to imprisonment in the county jail for 45 days and fined $200 and costs. The defendant then filed his petition in error in this court.

The girl named in the complaint will be referred to herein as the complaining witness.

Of the errors assigned, only those which have been discussed will be considered. Revised Rules of the Supreme Court, rule 8a2(4); Linder v. State, 156 Neb. 504, 56 N. W. 2d 734.

The defendant has not challenged the sufficiency of

the evidence to support his conviction. Therefore, it will not be necessary to include a detailed review of the evidence in this opinion.

The defendant complains that he was prejudiced because the county attorney questioned the complaining witness in reference to a conversation she had with a state safety patrolman after the offense had been committed, and that the trial court erred in permitting the county attorney to read from a statement made to the patrolman by the complaining witness.

No statement was introduced in evidence and none appears in the record. The record shows that the following occurred on direct examination of the complaining witness by the county attorney: "Q. Did Mr. Welton get on top of you at all while in the back seat of the car? A. I don't remember. Q. Do you know what the genital organs are, Miss Davenport? A. Yes. Q. Did Mr. Welton place his hands or otherwise touch any of your genital organs? A. I don't know. Q. Refreshing your memory, do you recall talking to a trooper, Donald Grieb, about this matter shortly after it happened? A. Yes. Q. Is it true you gave him a statement to the effect while you were in the car at this time Mr. Welton—

"MR. HUSTON: Your Honor, I will have to object to the questioning from this document. The witness has already testified that she didn't remember.

"THE COURT: I think he has a right to refresh her memory from previous statements.

"Q. Miss Davenport, do you recall talking to Trooper Grieb about this matter? A. Yes. Q. Is it true at that time you told him Mr. Welton did touch your genital organs? A. I guess so.

"MR. HUSTON: I further object on the basis it's impeaching his own witness.

"THE COURT: Overruled."

The defendant relies upon Masourides v. State, 86 Neb. 105, 125 N. W. 132, and Erdman v. State, 90 Neb. 642, 134 N. W. 258, Ann. Cas. 1913B 577.

In Penhansky v. Drake Realty Constr. Co., 109 Neb. 120, 190 N. W. 265, the court set aside the rule as to contradiction of witnesses stated in Masourides v. State, *supra.* In Penhansky v. Drake Realty Constr. Co., *supra,* the plaintiff called the driver of the defendant's truck as her own witness. The truck driver testified in contradiction to statements which he had made to the plaintiff's counsel before the trial. The court held that the plaintiff was entitled to show the prior contradictory statements of the witness and set aside the rule as to contradiction of witnesses stated in Masourides v. State, *supra.*

The following rule is applicable here: It is always permissible for a party to ask his own witness whether he had made prior statements inconsistent with his testimony and such an inquiry is not objectionable, although the incidental effect of it is to impeach the witness. Such an examination is a proper one for the purpose of showing that the testimony of the witness operated as a surprise, or to test his recollection, refresh his memory, induce him to change his testimony, draw out an explanation of his apparent inconsistency, or show the circumstances which induced the party to call him, and that such party had been placed at a disadvantage by unexpected evidence. Svehla v. State, 168 Neb. 553, 96 N. W. 2d 649; Moore v. State, 147 Neb. 390, 23 N. W. 2d 552.

In this case the county attorney did not attempt to introduce a written statement as such or read at length to the witness from such a statement. Under the circumstances in this case it was proper for the county attorney to examine the complaining witness concerning her previous conversation with the patrolman for the purpose of refreshing her memory.

The defendant also complains that the trial court erred in failing to instruct the jury as to the defendant's theory of the case, as to the weight to be given to the testimony of a witness who has been impeached, and

that evidence which is admitted for the purpose of impeachment is not substantive evidence. The defendant has cited no authority in support of his contentions in this regard.

The defendant's plea was not guilty. His testimony amounted to a denial that the offense occurred. He presented no evidence of an affirmative or other special defense. The assignment of error in reference to a failure of the trial court to instruct the jury as to the defendant's theory of the case is without merit.

There is no testimony or other evidence in the record which was admitted for the purpose of impeachment. It is true that the county attorney was permitted to examine the complaining witness in reference to a previous conversation which she had with the patrolman. That evidence was admitted for the purpose of refreshing the recollection of the witness and any effect which it may have had of tending to impeach the witness was incidental. Thus, there was no occasion for the trial court to instruct the jury as to the weight to be given to the testimony of a witness who has been impeached or that evidence admitted for the purpose of impeachment is not substantive evidence.

The trial court instructed the jury generally as to the issues in the case. The defendant has not challenged any of the instructions which were given and did not request any instructions in addition to those which were given. In this situation the following rule is applicable: "Where the trial court has instructed generally as to the issues of a criminal prosecution, error cannot be predicated on its failure to instruct as to a particular phase of the case, when no proper instruction has been requested by the party complaining." Smith v. State, 169 Neb. 199, 99 N. W. 2d 8. See, also, Frades v. State, 131 Neb. 811, 270 N. W. 314.

The judgment is affirmed.

AFFIRMED.