STATE OF NEBRASKA, APPELLEE, V. LELAND D. FRONNING, APPELLANT.

183 N. W. 2d 920

Filed February 19, 1971. No. 37659.

George D. McArthur and Harry Russell, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

A jury found Leland D. Fronning guilty of assault with intent to inflict great bodily injury. Fronning appeals. He contends that (1) the county attorney improperly impeached witnesses for the State, and (2) an instruction relating to beer, marijuana, and "LSD" undermined Fronning's claim of self-defense.

Attending a party of young people at Hastings were Fronning, 7 of his male friends, some Hastings girls, Richard Smith, age 18, his fiance, and two male companions of Smith. The latter 4 were residents of Grand Island and strangers to Fronning and the others when they joined the party. Fronning stood 6 feet tall and weighed 175 pounds. He had wrestled 2 years in high school.

At the party, during an argument and after a push by Smith, Fronning struck Smith on the jaw. Smith slumped or fell to the floor where he lay motionless. Fronning did not think Smith was unconscious. He fell on Smith, striking him three times in the side. He then arose and twice kicked Smith in the face. Fronning was terrified, fearing Smith was armed and influenced by beer and marijuana or "LSD." Smith had been speaking loudly with pretended authority. Fronning conceding existence of a jury question, we have thus far summarized his testimony only.

Some beer was consumed at the party, whose members included minors. Grand Island boys talked about selling marijuana and "LSD," but Fronning alone identified Smith. There is no evidence that anyone possessed

marijuana or "LSD," or that Smith was armed or influenced by drugs.

The State in its evidence-in-chief called Fronning's friends as witnesses. On direct examination the county attorney referred to previous contradictory statements allegedly made by each witness. The references mostly concerned the push by Smith and his unconsciousness prior to Fronning having struck him on the floor. He stated that one witness, a friend of Fronning, was changing his story.

Fronning argues that the references to prior contradictory statements materially strengthened the substantive evidence of the State. The record does not support the argument, and we do not reach it. He relies partly on State ex rel. Meyer v. Sorrell, 174 Neb. 340, 117 N. W. 2d 872 (1962), which in any event is distinguishable in that the declarants were not witnesses.

We have followed the rule that, subject to exceptions like surprise and past recollection refreshed, a party may not test the credibility of his own witness. See Welton v State, 171 Neb. 643, 107 N. W. 2d 394 (1961). Our traditional explanation has been that a party holds out his witnesses as worthy of belief. See Guyette v. Schmer, 150 Neb. 659, 35 N. W. 2d 689 (1949). It is no longer tenable. Parties, including the State, often have no real free choice in selecting witnesses. We abandon the rule; credibility of a witness may be attacked by any party, including the party calling him. See, United States v. Freeman, 302 F. 2d 347 (2d Cir., 1962) (Lumbard, C. J.); McCormick on Evidence, § 38, p. 70 (1954); A. L. I., Model Code of Evidence, Rule 106, p. 117 (1942); Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates, Rule 6-07, p. 119 (1969); 3A Wigmore on Evidence, § 904, p. 672 (Chadbourn, Rev. Ed., 1970); Rule 20, Uniform Rules of Evidence (1953).

Instruction No. 12 told the jury that evidence concerning beer, "talking" of marijuana and "LSD" sales,

and misdemeanors went only to credibility. The instruction did not stretch Fronning's slender thread of self-defense. ". . . No judgment shall be set aside . . . on the grounds of misdirection of the jury . . . if the Supreme Court . . . shall consider that no substantial miscarriage of justice has actually occurred." § 29-2308, R. R. S. 1943.

The judgment is affirmed.

AFFIRMED.

CARTER, J., concurring in result.

I am in accord with the result reached in this case. I do not agree with the change made in our traditional rule dealing with the impeachment of witnesses. In the first place, no change in the rules is required in the case before us since the witnesses involved were hostile and subject to impeachment under the existing rule. In the second place, the announced rule is too broad and will create more problems that it eliminates.

I do not disagree that the rule of impeachment is properly subject to reexamination in the light of present-day conditions and the disappearance of the factors on which it was originally based. I do contend that a sweeping change by general terms in an opinion without careful investigation, research, and consideration is not justified where it changes a rule long in force as a fundamental concept of the rules of evidence. A committee appointed by this court is at the present time engaged in drafting a code on evidence which includes the consideration of a new impeachment rule. Any change in the rule should await the recommendations of that committee. The importance of the rule change is deserving of the utmost care in its preparation to effectuate proper limitations of the rule in eliminating the ills necessary to be remedied.

WHITE, C. J., and NEWTON, J., join in this concurrence.