In March 1933, the plaintiff was granted a divorce from the defendant by decree entered by the cricuit court of Minnehaha County. As a part of that decree the court ordered *Page 396 
that the custody of the minor child of the parties should be in the plaintiff nine months out of each year, and in the defendant the remaining three months. In 1937, the plaintiff applied to the court for an order modifying the decree it had entered in so far as it related to the custody of the child. The application for this order was supported by affidavits, and the hearing thereon was brought on by order to show cause. Voluminous affidavits were submitted by both parties, and the court proceeded to take testimony at the hearing. Following the hearing the court entered an order granting the sole and exclusive custody of the child to the plaintiff, subject only to the right of the defendant to visit the child under certain conditions. This is an appeal from the order thus entered.
Section 164, R.C. 1919, provides as follows: "In an action for divorce the court may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."
[1, 2] Under this provision of our code we are convinced this proceeding was properly brought on by order to show cause, and that the determination of the trial court thereof resulted in an order. No findings of fact are contemplated or necessary. Badger State Bank v. Weiss, 60 S.D. 484, 245 N.W. 41.
No useful purpose would be served in reviewing the evidence presented to the trial court. After a careful consideration of the entire record we are convinced that the order of the trial court should be affirmed.
All the Judges concur. *Page 397