WEINS, Appellant, v. WEINS, Respondent

(20 N. W.2d 228.)

(File No. 8796. Opinion filed October 10, 1945.)

Rehearing Denied Nov. 8, 1945.

**Henry C. Mundt,** of Sioux Falls, for appellant.
**Ernest Raley,** of Sioux Falls, amicus curiae.

PER CURIAM.

This is an appeal from an order providing for the care and custody of children which was entered subsequent to a decree of divorce. The proceeding was brought on by order to show cause in the divorce action, and was supported by affidavits. Affidavits were served in support of and in opposition to the application and at the hearing oral testimony was submitted to the court. At the conclusion of the hearing the court entered an order giving direction for the custody, care, and education of the children and it is from this order that the purported appeal is taken. The order was made and entered on September 23, 1944 and notice of the entry of the order was served upon the appellant on the same day it was made and entered.

SDC 14.0724 provides: "In an action for divorce the court may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same." In the case of Foster v. Foster, 66 S. D. 395, 284 N. W. 54, this court held that a proceeding for a modification of the divorce decree relating to the custody of children is properly brought on by order to show cause and the determination of the trial court thereof results in an order. No findings of fact are contemplated or necessary in such proceeding. To the same effect, see Dyer v. Dyer, 65 Wash. 535, 118 P. 634; Gavel v. Gavel, 123 Cal. App. 589, 11 P.2d 654; C. J. S., Divorce, § 317, p. 1197. Appellant failed to perfect an appeal from the order until March 16, 1945, almost six months after the notice of the entry of the order was served. SDC 33.0702 limits the time within which an appeal might be taken from an order to sixty days after written notice of the filing of the order shall have been given to the party appealing. This appeal was

taken long after the sixty-day period had expired and it follows that we have no jurisdiction to consider the appeal.

The appeal is dismissed.

All the Judges concur.

SEACAT, Circuit Judge, sitting for POLLEY, J.