WELLNITZ, Respondent, v. WELLNITZ, Appellant

(25 N. W.2d 458)

(File No. 8854.   Opinion filed December 19, 1946.)

**Turner & McKenna,** of Sisseton, and **Frank S. Tait,** of Milbank, for Appellant.

**Earl S. Farley** and **Robert D. Jones,** both of Milbank, for Respondent.

SMITH, J. This appeal presents an issue as to the sufficiency of the record below to warrant a modification of the provisions of a decree of divorce dealing with the custody of a child.

On the 9th day of January 1945 the trial court entered its findings, conclusions of law, and judgment in the above entitled action for divorce. Although it found the defendant had not committed the acts alleged by plaintiff as a ground for divorce, its seventh finding reads in part as follows: "The Court having further considered the matter of permanent allowance and custody of the child, Betty Wellnitz, finds that Twenty Five Dollars per month ought to be paid to the plaintiff for the support and maintenance of herself and said child and that the first payment should be made on or before January 15, 1945, and on or before the 15th day of each succeeding month until the further order of this Court; and finds that the custody of said child should be awarded to the mother from Sunday evening until Saturday morning and to the father from Saturday morning until Sunday evening of each week * * *."

The judgment by its terms dismissed plaintiff's complaint on the merits, awarded the custody of Betty Wellnitz in accordance with the terms of the quoted finding, required the defendant to pay plaintiff $25.00 per month until the further order of the court, and retained jurisdiction "of the parties and the property and the minor children of these parties for the purpose of making financial arrangements as the Court may hereafter deem proper and for the purpose of custody, care and maintenance of the minor children as the Court may hereafter deem proper." Neither party appealed from this judgment.

On the 1st day of November, A. D., 1945, without a formal showing of any character to establish that a modification of its former judgment was made necessary by some substantial change in the circumstances of the parties or of the child, Betty Wellnitz, the court, with the counsel of record of both parties before it, announced as follows: "The court on its own motion modifies the order of the court heretofore made in that the care and custody and control of the

child in question shall be given to the mother with the father having the right to visit the child at reasonable times. and under reasonable conditions; that the defendant shall pay $25.00 per month to the plaintiff for the support of herself and the minor child, said payments to commence on the date of the last payment by the defendant."

A formal order modifying the former judgment in the foregoing and in other respects was thereupon entered. The defendant excepted to the making and entering of the order of modification upon the ground that the court was without power to modify its former judgment in the absence of a showing of a substantial change in the circumstances of the parties and of the child, and he has presented that contention here under an appropriate assignment of error.

It is provided by statute: "In an action for divorce the court may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same." SDC 14.0724. And see SDC 14.0726 and 14.0727.

██ The parties agree that our decisions settle the following principles. A judgment in an action for divorce which awards the custody of a child of the parties is res judicata as to the right of custody under the conditions then existing, and a material or substantial change of circumstances must be established to invoke the power affirmed by SDC 14.0724, supra, to modify the provisions of the judgment with reference thereto. In such a case, and whenever the custody of a child is under consideration, the welfare of the child is of primary concern, and this court will not interfere on appeal until solemnly persuaded by the record that the court has abused the discretion with which it is clothed by the statute. Larson v. Larson, 70 S. D. 178, 16 N. W.2d 307; Weygand v. Weygand, 68 S. D. 1, 297 N. W. 689; Houghton v. Houghton, 37 S. D. 184, 157 N. W. 316; Wallace v. Wallace, 26 S. D. 229, 128 N. W. 143; and Greenleaf v. Greenleaf, 6 S. D. 348, 61 N. W. 42. Ann. Cas. 1916B, 894; 2 Nelson, Divorce and Annulment, 2d, § 17.15; and 27 C. J. S., Divorce, § 316, subsec. b., p. 1183.

In addition to the matters above indicated, the record discloses that after the court had announced its decision to modify the provisions of its judgment dealing with the custody of the child, Betty Wellnitz, counsel for defendant inquired of counsel for plaintiff whether there had been any change in the condition of the parties since the prior judgment, and counsel replied, "There has been no change except the plaintiff has moved to Minneapolis with the child to secure better employment, * * *." It is argued that such a change of condition was thus shown as justifies the order of modification. We think not.

Plaintiff was not the sole custodian of the child. The custody of Betty was awarded to defendant from Saturday morning to Sunday evening of each week. To move the child from Milbank, where defendant is engaged in farming, to Minneapolis, a distance of about two hundred miles, involved a change in actual custody. To return her to Milbank each week-end obviously would not be practicable. Whether a change in conditions made the removal to Minneapolis and the consequent change of custody necessary to the welfare of the child was a question for decision by the court after a hearing in which the changed circumstances had been evidenced in such form as to permit a review by this court. The plaintiff took matters into her own hands and offers nothing but the accomplished change of residence as justification for the modification of the judgment. We are of the opinion that the record is insufficient to invoke the power of the court to modify its judgment.

The order of the trial court is reversed.

All the Judges concur.

POLLEY, J., not sitting.