RICHARD F. LINDER, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

56 N. W. 2d 734

Filed January 23, 1953.   No. 33225.

*Theodore L. Richling,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Clarence A. H. Meyer,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

Plaintiff in error was charged with, found guilty of, and sentenced for, the offense of rape. He brings the cause here by petition in error. We affirm the judgment of the trial court.

Plaintiff in error will be referred to herein as defendant. He was 43 years of age at the time involved. The complaining witness is a girl who was 7 years of age at that time.

Defendant here assigns 35 errors. Rule 8 a 2 (4) of the Revised Rules of the Supreme Court is as follows: "Assignments of error relied upon for reversal and intended to be urged in the brief shall be separately numbered and paragraphed, bearing in mind that consideration of

the cause will be limited to errors assigned and discussed. However, the court may, at its option, notice a plain error not assigned."

Defendant states six propositions of law. In his brief he argues those propositions. Under Rule 8 a 2 (7) of the Revised Rules of the Supreme Court propositions of law are to be presented in connection with questions argued which are raised by the assignments of error. It is the assignments of error that the rule requires be discussed. The reason for the distinction is patent here. Defendant does not directly relate his propositions argued to his assignments of error. Under the circumstances we consider the propositions argued to be the assignments of error which he desires be determined here.

The first two propositions are interrelated. The first is: "The trial court's refusal to require the county attorney to make available to the defendant the results of a medical examination of the defendant or to permit the defendant to be examined to determine his mental status was prejudicial to the rights of the defendant." This has two parts. We find no record of a refusal of the trial court to permit the defendant to be examined to determine his mental status.

Defendant's second argued proposition is: "The trial court's refusal of the defendant's request for a continuance for the purpose of securing a medical examination and medical testimony was, under the circumstances, an abuse of discretion and prejudicial to the rights of the defendant."

The record shows the following proceedings in this case preliminary to the trial.

Complaint was filed in county court on June 19, 1951, charging the offense as of June 17, 1951. On June 21, 1951, defendant entered a plea of not guilty, waived preliminary examination, and was held for trial in the district court.

On June 25, 1951, information was filed in district court charging the offense.

On December 3, 1951, the public defender was appointed to represent the defendant.

It appears that as early as September 1951, defendant's present counsel had been employed by defendant's father to represent him (the father) in making certain investigations of this matter and in doing so had conferred with the defendant. The county attorney assumed that counsel was representing defendant at that time. Defendant's counsel was employed to represent him on or before January 1, 1952.

On January 10, 1952, defendant's counsel made formal appearance of record for defendant in the case.

On February 2, 1952, defendant was in court with his counsel, was arraigned, and plead not guilty. The case was set for trial February 11, 1952.

On February 6, 1952, the trial court entered an order, "that, upon proper showing by the defendant and his counsel, the attendance of the witnesses requested by the defendant shall be required. * * * without cost to this defendant or his counsel."

On February 6, 1952, defendant filed a motion to require the state to furnish to him the results or reports on any and all medical treatment, examinations, or inquiry concerning this defendant. It appears from the record that sometime in December 1951, defendant was taken to the county hospital where a needle was inserted in the base of his spine. That is the extent of the record as to what was done. Defendant knew by hearsay of the result of that examination. Defendant's counsel knew prior to February 2, 1952 (the date of the not-guilty plea), that defendant had been so treated in the county hospital. On February 8, 1952, the court overruled the motion of February 6, 1952.

Also, on February 8, 1952, the defendant made an oral motion to cause examination of the defendant by

the board of mental health of Douglas County which was overruled.

On February 9, 1952, defendant filed a written motion for an order directing defendant's examination by three qualified doctors to determine his then present sanity and his sanity as of the time of the commission of the alleged offense. This was overruled February 9, 1952.

On February 11, 1952, at the beginning of the trial, defendant moved for a continuance and asked for the appointment of one or more doctors to determine the mental condition of the defendant. That motion was denied. Defendant then moved for a continuance to enable him to secure medical testimony stating that over the week end he had tried to secure medical examination and assistance and had been unable to do so. On February 11, 1952, at the time of the consideration of the motion for a continuance, defendant offered evidence showing that on August 22, 1947, complaint was made to the board of commissioners of insanity charging that defendant was insane, that a hearing was had, and that he was found to be insane and was committed to the state hospital on September 10, 1947. The charge was based on excessive drinking and that he was "confused." The doctor's report showed that he was "well oriented" and that "tests indicate no abnormality of intellectual abilities"; that he was suffering "from an acute alcoholism with psychosis" and should be committed; and that examination of spinal fluid and the patient's history suggests a diagnosis of paresis, but that laboratory tests on the spinal fluid had not been "reported back." He was committed to the hospital and later released, although the date does not appear.

The state offered evidence that on January 25, 1949, information was made to the county board of mental health that defendant was "mentally ill" suggesting his commitment. This was based on the use of alcoholic beverages. The board found that he was not mentally

ill and ordered him discharged on February 1, 1949. The report shows a "Return on spinal fluid-negative. Return on blood-positive." Defendant's counsel knew of the defendant's hospitalization prior to February 2, 1952, probably as early as December prior thereto, and in January considered and put aside a possible plea of insanity.

It is patent from the record that defendant had been advised of the contents of the report, which it is alleged was in the possession of the county attorney, and that his counsel had information as to that a considerable time prior to the motions here made. The defendant at no point in this record shows or undertakes to show what his understanding of the contents of the report to be. We have the sole fact that there was claimed to have been a report. Defendant did not undertake to secure the report by the calling of witnesses who had or might have had a knowledge of its contents. He did nothing save demand its production. Our holding in Cramer v. State, 145 Neb. 88, 15 N. W. 2d 323, is applicable here. We said in the body of the opinion: "The defense counsel in a criminal prosecution have no right to inspect or compel the production of evidence in the possession of the state unless a valid reason exists for so doing. The defendant has no inherent right to invoke this means of examining the state's evidence merely in the hope that something may be uncovered which would aid his defense. In the administration of these rules the trial court has a broad judicial discretion and it is only when such discretion is abused that error can be based thereon." In the syllabus we stated the rule as follows: "In a criminal case the trial court is invested with a broad judicial discretion in allowing or denying an application to require the state to produce written confessions, statements and other documentary evidence for the inspection of defendant's counsel before the trial. Error may be predicated only for an abuse of such discretion."

We find no abuse of discretion as to that matter under the circumstances here.

As to the question of the medical examinations, defendant cites no authority which would require the court to order an examination by the board of mental health, or would authorize or require the court to order an examination by a specially created board of doctors. The court did not deny defendant the right to initiate such a proceeding before the board of mental health. The court clearly indicated a willingness to require witnesses to attend for defendant. Defendant did not act to get medical witnesses until a day or two before trial.

Defendant, then, here contends that it is his right to require the state to furnish medical experts for the purpose of examination and possible use as witnesses, or in the language of one of the assignments of error, "to furnish to the defendant an expert opinion" as to his "mental condition or capacity." Defendant cites no provision of law that authorizes such an order and we have found none.

The motion for a continuance for the purpose of securing a medical examination and medical testimony was made on the morning of the trial. The evidence taken pointed definitely to the conclusion that the defendant was not mentally ill at that time.

"Under the law of this state, no form of insanity is recognized as a defense to a criminal action, unless it affects the mind of the accused to such an extent that it renders him incapable of distingushing between right and wrong with reference to the act committed." Fisher v. State, 140 Neb. 216, 299 N. W. 501. The evidence of the commitment of defendant to a hospital for the mentally ill raised no presumption that the accused was at the time in question insane in the sense that he was not accountable for the act charged. Fisher v. State, *supra*.

The evidence also shows that defendant's counsel knew of the state-hospital commitment as early as the first

of January 1952. He claimed to have received other information subsequent to February 2, 1952 (the date of the plea of not guilty), contended it was a privileged communication from his client, and refused to divulge it to the trial judge.

The rules applicable are:

"An application for a continuance is addressed to the sound discretion of the trial court and its ruling thereon will not be held erroneous, unless an abuse of discretion is disclosed by the record.

"It is no abuse of discretion for the trial court to refuse defendant a continuance unless it clearly appears that defendant suffered prejudice." Sundahl v. State, 154 Neb. 550, 48 N. W. 2d 689.

No showing of prejudice suffered appears. The motion for a continuance was properly overruled.

Defendant's next contention goes to his assignment that there was not sufficient corroborating evidence. The rule long established is: "In a prosecution for rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." Medley v. State, ante p. 25, 54 N. W. 2d 233.

We do not deem it necessary to set out the evidence in detail. It is sufficient to state that the complaining witness testified clearly to the events involved. As to the principal movements of the defendant and the witness both before and after the commission of the offense her testimony was corroborated by eyewitnesses. She testified positively to the act constituting the offense. As to this her testimony is amply corroborated by the evidence of the physician who examined her within two hours of the time of the act. We deem the evidence ample under the rule. The contention is not sustained.

Defendant next states his proposition that trial judges and public prosecutors are charged with the duty of conducting criminal trials in such a manner that the accused may have a fair and impartial trial. He cites Cooper v. State, 120 Neb. 598, 234 N. W. 406, wherein we held: "Trial judges and public prosecutors are charged with the duty of conducting criminal trials in such a manner that the accused may have a fair and impartial trial, uninfluenced by prejudice, passion and public clamor."

Defendant charges that the trial judge violated his duty in the trial of this case, as stated in one assignment of error, "in evidencing hostility toward the defendant throughout the trial, and in evidencing a feeling of friendliness toward the prosecution," and that the sum total amounts to prejudice to the rights of the defendant. He bases these contentions on the court's rulings hereinbefore summarized and upon the following incidents which the record shows occurred during the trial. The court overruled objections of the defendant to the introduction of evidence; the defendant, although contending that these rulings were error, does not contend that they were "sufficient themselves to require a reversal, * * *." In one instance the defendant's counsel stated: "Let the record show that the witness paused a considerable time before answering that question." The court stated: "Let the record also show that the time elapsed did not exceed six seconds." In one instance the defendant's counsel said: "Let the record show that the Deputy County Attorney is standing in such a position that this witness, in facing him, has her face turned away from the defendant and defendant's counsel and is facing the Deputy County Attorney." The court said: "Objection overruled." The prosecutor said that he wanted the record to show that he had changed his position so that the defendant could be faced by the witness. In one instance defendant charged the state with "indulging in * * * leading questioning" and asked

that the state be "instructed to refrain from * * * leading questions." The court ruled, "Objection sustained." In one instance a state's witness on rebuttal had testified without objection during his entire direct examination. Defendant then moved to strike the testimony as immaterial, the state resisted, defendant asked to be heard on the motion in the absence of the jury, the court agreed to the argument but indicated there was no need for it, the defendant did not insist, and the court overruled the motion. In his argument to the jury defendant's counsel stated that if the jury found the defendant guilty, the court could do nothing but send the defendant to the penitentiary; the state objected to the statement; the court sustained the objection, instructed the jury to disregard the statement of counsel, and told them that the matter of possible punishment was a matter for the court and "it is improper argument on behalf of counsel for the defense." Defendant's counsel does not contend here that his remarks were proper but claims prejudice because the court told the jury that the argument was improper. It is a conclusion which obviously the jury would get from the ruling. The defendant finally complains that prejudice was shown because of "the extremely excessive sentence of ten years."

We have stated all of the instances about which defendant complains. They do not severally or together sustain the charge made against the trial court. We find no violation of the cited rule. The rule also is: "Remarks made by the trial court are not ground for reversal where confined to orderly procedure, to the proper ascertainment of issuable facts, to the exclusion of inadmissible or unnecessary testimony, and to the observance by counsel of recognized rules of evidence and procedure." Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533, 169 A. L. R. 868.

Defendant next argues that there was prejudicial error in the giving of instruction No. 9. The instruction states the degree of penetration which must be proven to con-

stitute the offense. Defendant does not challenge the correctness of the instruction as a matter of law, but rather argues that the evidence was not sufficient to sustain a verdict within the rule contained in the instruction. We have examined the evidence in that regard. It is ample to sustain a finding of the fact question.

Defendant next states the proposition that: "A child is incompetent to testify over the objection of the defendant without proper inquiry into whether or not she has sufficient ability to understand the obligation of an oath." He cites the statute which provides in part: "Every human being of sufficient capacity to understand the obligation of an oath, is a competent witness in all cases, civil and criminal, except as otherwise herein declared." § 25-1201, R. R. S. 1943. The exceptions are not here involved. Under this proposition defendant argues as to two witnesses: "To submit their statements to the jury as testimony given under oath without a more sufficient foundation and after the trial court had refused the defendant permission to inquire into their competency, was prejudicial to the defendant and reversible error." The record shows that the state called a witness to the stand and without asking that she be sworn, asked her name, and she told her name. The defendant then objected to her testifying because "she is of young and tender years" and requested permission to inquire into her competency. The trial court overruled the objection and denied the request. The state then asked questions as to her age (8 years) and her understanding of the obligation of an oath. The court directed that she raise her right hand. Defendant then objected to the witness being sworn and testifying for the reason that no proper showing had been made that she understood the obligation of an oath and particularly because the court had refused the defendant the right to inquire into the competency of the witness. The witness was then sworn and testified.

Substantially the record is the same as to a second

witness who was 7 years of age except that here the state asked permission to inquire as to competency, received it, and did so inquire without a court ruling on the objection and request. At the end of the inquiry the court asked the defendant if he wished to interpose the same objection, which he did. The court then overruled the objection and denied the request. The witness was then sworn.

As we read this record the court did not deny the defendant the right to inquire into the competency of the witness save at the beginning, and before the state inquired as to that matter. We know of no rule of law, and none is cited, which would deny a proponent of a witness the right to examine as to competency before the opponent is accorded that right. The defendant's objections must be held to go to the competency of the witness.

We considered comparable contentions in Davis v. State, 31 Neb. 247, 47 N. W. 854; Evers v. State, 84 Neb. 708, 121 N. W. 1005; and Abbott v. State, 113 Neb. 517, 204 N. W. 74. In Rueger v. Hawks, 150 Neb. 834, 36 N. W. 2d 236, we reviewed our decisions and held:

"In the absence of a statute rendering children under a specified age incompetent, or presumably so, a witness is not disqualified because of his youth.

"There is no precise age which determines the question of his competency, it depending upon his capacity and intelligence and his appreciation of the difference between truth and falsehood.

"The question of the competency of such a witness rests largely in the sound discretion of the trial court, whose decisions will not be disturbed in the absence of clear abuse."

In Wells v. State, 152 Neb. 668, 42 N. W. 2d 363, we said: "The principle upon which the ruling should be determined is that the child is sufficiently mature to receive correct impressions by his senses, to recollect and narrate intelligently, and to appreciate the moral duty to tell the truth."

The defendant does not point out wherein the foundation laid fails to meet these tests. The record is clear that the witnesses met all the required tests as to competency. The assignment is without merit.

The judgment of the district court is affirmed.

AFFIRMED.