STATE, Respondent v. LUTHERAN, Appellant
(82 N.W.2d 507)
(File No. 9599.  Opinion filed April 30, 1957)

**E. E. Sullivan,** Rapid City, for Defendant and Appellant.

**Phil Saunders,** Atty. Gen., **Benj. D. Mintener,** Asst, Atty. Gen., for Plaintiff and Respondent.

HANSON, J.   The defendant was charged, in separate counts of the Information, with the crimes of incest, adultery, and rape of his nine-year-old daughter.   The jury found him guilty of an attempt to commit each of the crimes charged. He appeals on two grounds, viz.: (1) The trial court erred in instructing the jury they could find him guilty of an attempt to commit the particular crimes charged in the Information, and (2) The evidence is insufficient to support the convictions.

■■   The instructions complained of were given by the court on its own motion.   No objections were made or exceptions taken thereto by the defendant as required by SDC 33.1318.   In any event the instructions were proper. "It is a general rule that every completed crime necessarily includes an attempt to commit it, so that, under a charge of a completed offense, accused may be convicted of the lesser offense of attempting to commit the crime charged, as under statutes in terms providing for conviction of an attempt, * *." 42 C.J.S., Indictments and Informations, § 285, p. 1305. Our statute expressly so provides.   Under the provisions of SDC 34.3669 "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information, **or of an attempt to commit the offense charged.**" SDC 13.0401 further provides: "Every person **who attempts to commit any crime** and in such attempt does any act toward the commission of such crime, but fails or is prevented or intercepted in the perpetration thereof", is punish-

able as therein provided. Such statutes do not infringe upon the constitutional right of an accused to be informed of the nature and cause of the accusation against him. 42 C.J.S., Indictments and Informations, § 273, p. 1296. State v. Morse, 35 S. D. 18, 150 N.W. 293, Ann.Cas. 1918C, 570.

██ It has been held in a similar case that a person charged with incest may properly be convicted of an attempt to commit that crime. State v. Winslow, 30 Utah 403, 85 P. 433; likewise a charge of adultery will sustain a conviction of attempt to commit adultery, State v. Schwarzbach, 84 N.J.L. 268, 86 A. 423; and on a statutory rape charge the accused may be convicted of an attempt to commit such crime, State v. Cross, 144 Kan. 368, 59 P.2d 35. Force or violence is not a necessary element of the crime of attempting to commit statutory rape, State v. Pepka, 72 S.D. 503, 37 N.W.2d 189.

██ The defendant relies on State v. Albers, 52 S.D. 582, 219 N.W. 263, as authority for his contention that an attempt to commit rape is not an included offense within the crime of statutory rape. That case, however, does not support such a broad generalization. The defendant therein was charged with statutory rape. The prosecutrix was a willing participant and the evidence showed the full consummation of the crime charged. Under those facts it was held the offense of an attempt to commit rape was not included in the offense charged. In the present case, however, proof of sexual penetration was rendered uncertain by the medical testimony. Under the circumstances the court properly instructed the jury they could find the defendant guilty of an attempt to commit each of the crimes charged.

██ The convicting evidence in this case came largely from the testimony of the nine-year-old victim, and her brother, age twelve. The girl did not know the literal meaning of the word "oath" and defendant, therefore, contends she was incompetent to testify. Such is not the test of testimonial competency. As pointed out in McCormick on Evidence, p. 140, "This, manifestly, is inappropriate. It confounds a religious with a mental standard, and if literally applied, the most intelligent witness could hardly meet the test, much less a child or an insane person." Under the

liberalized standards of this court the girl fully indicated her competency and capacity to testify. In raising her hand to take the oath she promised "always to tell the truth". She was taught in Sunday School "always to tell the truth", that "God don't like you if you lie", and "if you lie, God won't help you or anything." There is no arbitrary age which prohibits a child from testifying. In the case of State v. Southmayd, 37 S.D. 375, 158 N.W. 404, a six-year-old girl was deemed competent to testify in the trial of her father for the murder of her mother. Likewise, the mentally deficient victim of a rape was competent to testify in the case of State v. Leonard, 60 S.D. 144, 244 N.W. 88, wherein the court stated "The broad general principle is that a witness should have sufficient mental capacity to observe, recollect, and communicate, and some sense of moral responsibility; * *. The competency of a mentally immature or deranged witness presents questions very closely related to those involved with the matter of credibility of a witness. Many recognized authorities upon the law of evidence deem it doubtful policy entirely to exclude any such witnesses." After informing itself by proper examination and observation it is within the discretionary judgment of the trial court, in the first instance, to determine the testimonial capacity and competency of such a witness. State v. Reddington, 7 S.D. 368, 64 N.W. 170. There was no abuse of that discretion here.

▮▮▮▮ The credibility of the witnesses, and the weight and value of their testimony, are matters within the exclusive province of the jury. We have reviewed the entire record and find ample evidence to sustain the convictions.

Affirmed.

All the Judges concur.