MOSER, Respondent v. MOSER, Appellant

(143 N.W.2d 369)

(File No. 10184.   Opinion filed June 16, 1966)

**Vernon P. Willams,** Aberdeen, for appellant.

**Bormann & Buckmeier,** Mobridge, for respondent.

GILCHRIST, Circuit Judge.

The plaintiff, Mearl Allen Moser, commenced action for divorce on January 16, 1963. Defendant, June Faye Moser, filed an answer, counterclaim and cross complaint and the trial of the case resulted in judgment in favor of the defendant and granting to her the custody of the minor child, Melody Moser, born April 13, 1961, and reserving to the plaintiff the right of visitation which right of visitation was in accordance with an agreement entered into between the parties. This agreement is in writing and is part of the property settlement made between the parties and approved by the court. The right of visitation granted to the plaintiff the right to have the child between the hours of 1:30 p. m. and 8:00 o'clock p. m. on Saturdays at Java, South Dakota and under such agreement and judgment the defendant between the hours of 1:30 and 2:00 o'clock p. m. on Saturdays will deliver the child into the possession of the plaintiff at the property line at the home of Arthur F. Bieber, defendant's father, at Java, South Dakota, and plaintiff is required to be present and accept said child and at the end of the visitation period and at 8:00 o'clock p. m. the plaintiff shall return said child to the same property line and the defendant shall be present to accept the return of said child or have some third person delegated to accept said child.

On April 14, 1964, defendant made application to the trial court for an order modifying the judgment and decree of divorce and alleging that she believed from information received from the minor child that the plaintiff had sexually molested the child during visitations and praying that the visitations of plaintiff be terminated until such time as the fitness of plaintiff to have and exercise rights of visitation shall be established and determined. The order to show cause on such application directed the plaintiff to show cause why the judgment and decree of divorce entered herein on the 11th day of March 1963 should not be amended and modified to exclude said plaintiff from further visitations of the minor child of the parties hereto and such other and further orders as are appropriate in the premises.

The defendant's application was heard and oral testimony was permitted. The court refused to allow the child to testify but allowed the defendant to testify as to what she claimed the minor daughter stated to her. The court entered an order, filed June 30, 1964, that the application of the defendant be denied and found that there was no evidence of sexual molestation of the child by any person; that the defendant failed to follow the previous order of the court allowing the plaintiff certain rights of visitation; that special and exceptional circumstances are presented and that it is for the best interest and welfare of the child that the custody of the child, Melody Moser, should be divided between the parents, Mearl Allen Moser and June Moser, and providing that the decree of divorce dated March 11, 1963, and all subsequent orders as to same relating to the custody and visitation of the child by the parents be amended or modified so there is divided custody of the child, Melody Moser, between the parents, the plaintiff and the defendant herein, and provided that the plaintiff have the custody of the child, Melody Moser, at the home of his parents, Mr. and Mrs. Reinhold Moser, at Java, South Dakota, commencing on the 1st day of July 1964, and continuing to the 1st day of January 1965, and that defendant, June Moser, surrender the child, Melody Moser, and all of her clothing to the plaintiff, Mearl Allen Moser, on July 1, 1964, that on the 1st day of January 1965, the plaintiff Mearl Allen Moser, shall surrender the custody of the child, Melody Moser, and all of her clothing to June Moser; that thereafter the plaintiff, Mearl Allen Moser, shall have custody of the child and all of her clothing during the summer months of June, July and August of each year and the defendant shall have the custody of the child and all of her clothing the remaining nine (9) months of each year until further order of this court.

The defendant appeals from the order and contends,

1. That the court abused its discretion in making a substantial modification in the provisions of the judgment and decree of divorce pertaining to the custody of the child.

2. That the court abused its discretion in ruling as a matter of law that the child in question was incompetent as a witness and in failing to conduct an examination for the purpose of determining competency of said child as a witness.

The court's Memorandum of Decision discloses that the trial court based its decision and order upon the theory that the custody of child by the defendant with right of visitation by the plaintiff at a certain time and place each week has not proven to be for the best interest of the child and holds that divided custody may be most beneficial to the child. The record shows that the terms and conditions of the judgment and decree were not fulfilled and carried out by the defendant which caused various court hearings and citations. The court did not find and the record does not show that there was a change of circumstances since the judgment was entered and this appeal raises the legal question as to whether the court could legally modify the judgment and decree entered in the case without a change of circumstances as to the parties involved.

In the case of Application of Habeck, 75 S.D. 535, 69 N.W.2d 353, which decision follows the case of Matthews v. Matthews, 71 S.D. 115, 22 N.W.2d 27, the court said:

"It is well settled, however, that after a court has heard evidence with reference to the custody of minor children and ruled upon the question the jurisdiction of the court cannot again be invoked to inquire into the same or other facts existing at the time or prior to the former decree. The rule is that there must be a change of circumstances arising after entry of the former decree to justify a modification."

This is also the general rule and followed in most of the state courts and the holding is that the change must be substantial. 27B C.J.S. Divorce § 317(2); 24 Am.Jur.2d, Divorce and Separation, § 819. This court in Application of Heintz on Behalf of

Trembly, 78 S.D. 188, 99 N.W.2d 794, adhered to this principle when the original custody order was based on a stipulation of the parties.

■ In view of the fact that the court failed to find and the record in this case fails to show a substantial change of circumstances arising after the entry of the decree we hold that the court was without authority to modify the judgment and decree and enter a judgment for the divided custody of the minor child.

Appellant contends that the court abused its discretion in ruling that the child was incompetent to testify as a witness. The record discloses that the child was present in the courtroom and the court had an opportunity to observe the child, that the child was two years and nine months of age and her testimony would be as to matters that are alleged to have occurred four or five months prior to the hearing.

■ There is no arbitrary age which prohibits a child from testifying as a witness. The witness should have sufficient mental capacity to observe, recollect and communicate and a sense of moral responsibility.

■ ■ Whether a child of tender years is a competent witness is within the discretionary judgment of the trial court and will not be disturbed unless there is shown to be an abuse of such discretion. Here the child was less than three years of age and the court had an opportunity to observe the child during the hearing and could determine her competency as a witness. We find that there was no abuse of discretion in this case. State v. Lutheran, 76 S.D. 561, 82 N.W.2d 507; State v. Reddington, 7 S.D. 368, 64 N.W. 170; State v. Oliver, 78 N.D. 398, 49 N.W.2d 564; Linder v. State, 156 Neb. 504, 56 N.W.2d 734.

The order and judgment of the trial court are reversed.

RENTTO, P. J., and ROBERTS and BIEGELMEIER, JJ., concur.

HANSON, J., dissents.

GILCHRIST, Circuit Judge, sitting for HOMEYER, J. disqualified.

HANSON, Judge (dissenting).

An application for modification of child custody is addressed to the sound and broad discretion of the trial court and its discretion should not be disturbed on appeal unless the record reflects a clear abuse of that discretion. No abuse of discretion whatsoever is evident in this case and I am, therefore, unable to concur in a reversal.

According to SDC 14.0724 the trial court is vested with continuing authority before or after judgment to "give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same." This and its companion section 14.0726 were "adopted for the purpose of enabling the court to make such modifications or changes in its decree or orders relating to alimony, or the support and maintenance of minor children, from time to time, as the circumstances of the parties might require, and they should therefore receive a liberal construction in furtherance of justice." Greenleaf v. Greenleaf, 6 S.D. 348, 61 N.W. 42.

The above statute does not require "a change of circumstances" as a condition precedent to modification of child custody. This requirement has been grafted unto our statute by judicial interpretation in order to prevent vexatious and repetitious applications for changes in child custody matters. However, the doctrine of res adjudicata is absolutely contrary to the spirit of our law which gives a trial court continuing jurisdiction in child custody cases to give such direction for their custody, care, and education as may be necessary or proper at any time. As a matter of expediency there must be some degree of finality in ordinary child custody orders and decrees, but the doctrine of res adjudicata should never be exalted, as it is being done in this case, above and beyond the best interests and welfare of the child. At all times a trial court should have the power,

authority, and freedom to correct an inadvertent order respecting custody of a minor child. See Annotation in 9 A.L.R.2d 623.

In construing a statute similar to ours the California court in Dotsch v. Grimes, 75 Cal.App.2d 418, 171 P.2d 506 said "If, as it has been repeatedly held, the welfare and best interest of the child are the paramount concern of the court, then what governs is not the rule of 'changed circumstances,' but what at the time of the hearing is, in the sound discretion of the court, for the child's welfare." See also Briscoe v. Briscoe, 221 Cal.App.2d 668, 34 Cal. Rptr. 663, Harris v. Harris, 186 Cal.App.2d 788, 9 Cal.Rptr. 300, and Foster v. Foster, 8 Cal.2d 719, 68 P.2d 719. When the welfare of the child demands a modification the changed circumstance does not have to be substantial in nature. This is illustrated by the case of Gonyea v. Gonyea, 232 Or. 367, 375 P.2d 808, in which the court said the "mere putting into operation of a decree may in some cases qualify as a change of circumstances". See also cases cited in Annotation in 92 A.L.R.2d p. 737.

In the present case, the weekly visitation provision providing for delivery of the child at the property line of the grandparents proved to be an ill conceived, unworkable and unfortunate order. It has been the source of constant contention between the parties provoking public quarrels, bickering and hostility. To gain her end defendant falsely accused plaintiff of sexually molesting the child. Certainly the conduct of the parties and the hostile, belligerent, antagonistic and uncooperative atmosphere to which the child is now being subjected demands a change in the custodial order so that the parents will not come in constant contact with each other.

There is another ground upon which the trial court's modified order can and should be sustained. The child custody provision in the final decree which the majority of this court reinstates was based on stipulation of the parties. It was not the result of a hearing or court determination as to what would be for the best interest of the child. Under these circumstances, the reason for the rule of res adjudicata does not exist and should not apply. As the Wisconsin court said in King v. King, 25 Wis.2d

550, 131 N.W.2d 357, "Since custody of the children was granted upon the stipulation of the parties without testimony being taken on the issue and no finding of fitness was made, the court's determination is not res judicata nor does the rule of changed circumstances apply".

In my opinion there are ample facts and circumstances subsequent to the final decree constituting changed circumstances warranting a modification of the child custody order in this case and the best interest and welfare of the child demand it.