CHRISTENSEN, Respondent v.
CHRISTENSEN, Appellant

(190 N.W.2d 62)

(File No. 10886.  Opinion filed September 2, 1971)

**R. A. Smiley,** Belle Fourche, for defendant and appellant.

**Howard G. Christensen,** pro se.

HANSON, Judge.

This is an appeal by Rose Christensen from an order modifying a decree of divorce with reference to child custody, alimony, and child support payments. The plaintiff, Howard G. Christensen, did not file a brief and was not represented by counsel on appeal.

Rose and Howard were married on May 14, 1947. Seven children were born to this union, namely, Gerald, Howard,

Rodney, Danny, Cinda, Wendy, and Timothy. In May 1967 Howard commenced an action for divorce. Based upon a Stipulation and Property Settlement Agreement the court entered a decree of divorce granting defendant wife custody of Cinda, Wendy, Timothy and Danny. Plaintiff was given custody of the three older children. In addition, plaintiff was obligated to pay defendant alimony in the amount of $75 per month and child support in the amount of $150 per month.

In September 1969 plaintiff was ordered to show cause why he should not be held in contempt of court for failure to pay delinquent alimony and child support payments in the total amount of $2,250. Thereafter various responsive and rebuttal affidavits were filed and hearings held culminating in an order filed September 25, 1970 amending the divorce decree in the following particulars: (1) the care, custody, and control of Cinda was granted to the plaintiff, Howard Christensen, (2) child support payments were reduced to $100 per month and (3) alimony or separate maintenance payments were eliminated.

In the course of the proceedings several prior interim orders were entered by the court. Among them was an order dated October 10, 1969 directing the Division of Services Administration, Department of Public Welfare to conduct a complete inquiry, investigation and report of the persons and respective homes of the parties, including incomes and finances. This order was entered upon the court's own motion.

A full investigation was made by a child welfare worker who rendered an extensive report in writing to the court. Her report was not filed. She did not testify as a witness and the report was not included in the settled record. However copies marked "CONFIDENTIAL. NOT TO BE SHARED WITH PERSONS INVOLVED" were furnished to counsel for both parties.

After the report was rendered a hearing was held on May 28, 1970 at which the court announced its intention to enter an interim order allowing Cindy to spend two months during the summer of 1970 with her father; temporarily reducing child support payments during the visitation period; the

question of Cindy's permanent custody would be reexamined after two months; and finding plaintiff not in contempt for failure to pay past delinquent alimony and child support payments. Defendant objected to entering such order as there was no evidence to base it upon except the Child Welfare Report. The court indicated at the time its findings were based "substantially on the report".

■■ It is well settled in this jurisdiction that proceedings to modify a divorce decree relating to custody of minor children may properly be brought on by order to show cause and the determination of the court results in an order. Contrary to appellant's contention, no findings of fact are contemplated or necessary in such cases. Foster v. Foster, 66 S.D. 395, 284 N.W. 54, and Weins v. Weins, 70 S.D. 620, 20 N.W. 2d 228. However, such determination must be based upon competent evidence produced at a hearing which may be tested by cross-examination and effectively reviewed on appeal. Stanford v. Stanford, 266 Minn. 250, 123 N.W.2d 187 and McGuire v. McGuire, Fla.App., 140 So.2d 354.

■ As stated in State ex rel. Van Loh v. Prosser, 78 S.D. 35, 98 N.W.2d 329, "The great weight of authority is to the effect that in the absence of stipulation and in the face of timely objection a court may not make use of an investigation by a welfare or other agency concerning the custody of a child. See Annotation in 35 A.L.R.2d 629. Moreover, the parties cannot by agreement make the recommendation of such an agency binding upon the court since the power of the court to determine matters of custody cannot be delegated to anyone. 17A Am.Jur., Divorce and Separation, § 824."

■ In the annotation cited the general use of agency investigation reports is summarzied on page 632 as follows: "Despite the tendency of the courts to be less formal in custody cases, the parties, in the absence of their consent, cannot be deprived of any of the usual attributes of a fair trial in open court. In other words if an independent investigation is to be admitted in evidence the requirements of due process must be complied with. If these requirements are complied with the result of an independent investigation will

be held properly admitted but if those requirements were not complied with such admission is considered error."

The order appealed from is remanded for further proceedings in accordance with this opinion. Pending a rehearing all orders relating to custody, support, and alimony shall remain in full force and effect. No costs shall be assessed against either party.

All the Judges concur.