MILLEA, Respondent v. MILLEA, Appellant

(229 N.W.2d 95)

(File No. 11415. Opinion filed May 9, 1975)

Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendant and appellant.

R. James Brennan, Rapid City, for plaintiff and respondent.

WINANS, Justice.

In December 1966, the parties to this proceeding were divorced and the mother (plaintiff-respondent in the present appeal) was given custody of Mary Grace Millea, a minor daughter.

Subsequently, the question of custody was reconsidered by the court due to changed circumstances, and after several hearings Mary Grace was placed in the defendant father's custody in 1969. Later Mary Grace left her father's home and went to live with her mother where she continued to reside until this action to modify the previous judgment concerning the custodial status of Mary Grace was brought.

The custody decree was modified to give the mother partial custody and other rights pertaining to her minor daughter. It is to this order that appellant objects because no findings of fact and conclusions of law were entered by the court.

In South Dakota a court retains the power to vacate or modify a child custody decree at any time when a material or substantial alteration of circumstances has been established. SDCL 25-4-45. Wellnitz v. Wellnitz, 1946, 71 S.D. 430, 25 N.W.2d 458.

Proceedings under this statute are properly brought by an order to show cause and the trial court's determination is denominated an order, not a judgment, as appellant contends. This order need not be buttressed by findings of fact. It is sufficient if it is based on competent evidence which has been subjected to cross-examination. Christensen v. Christensen, 1971, 85 S.D. 653, 190 N.W.2d 62.

After reading the record of this proceeding and the trial judge's memorandum opinion, which fully explains his decision to modify the then existing custody decree, we find that he acted in accordance with procedural requirements and in the best interests of the minor child.

Affirmed.

All the Justices concur.