MASEK, Appellant v. MASEK, Respondent

(237 N.W.2d 432)

(File No. 11507. Opinion filed January 15, 1976)

**Woods, Fuller, Shultz & Smith and William G. Taylor, Jr.,** Sioux Falls, for plaintiff and appellant.

**Davenport, Evans, Hurwitz & Smith and Carleton R. Hoy,** Sioux Falls, for defendant and respondent.

JONES, Circuit Judge.

Plaintiff-mother has appealed from a decision of the trial court denying her custody of the two sons of the parties, now ages 8 and 6.

In the original divorce action, custody of the sons was given to defendant-father by judgment dated August 24, 1973. That decision was appealed to this court, and a divided court affirmed. Masek v. Masek, 89 S.D. 62, 1975, 228 N.W.2d 334.

The members of the court who heard the original appeal adhere to the viewpoints expressed by them in that appeal. However, that decision made res judicata the issue of which parent was entitled to custody of the children on the facts and circumstances existing on the date of the original trial court decision. That decision also determined that these children are of tender years within the scope of SDCL 30-27-19(2).

Prior to our opinion, the plaintiff petitioned the Circuit Court of Minnehaha County, alleging a change of circumstances and praying for modification of the decree of divorce as it related to custody of the children. We ruled that this petition could be heard by the trial court notwithstanding the pendency of an appeal from that decision. That petition was heard by the trial court on March 8, 1974, and plaintiff appeals an adverse decision. During the period that this appeal was being perfected and heard, a third hearing was held on April 4, 1975, although the record and issues of that third hearing are not before the court on this appeal.

The plaintiff's request for modification of the custody decree was primarily based on the claim that her parental shortcomings as established in the divorce action have since been corrected. The trial court found that plaintiff had improved her personal situation, conduct and mental health immeasurably and commended her therefor, but held:

"Therefore, it is the decision of the Court that, absent any showing of misconduct on the part of the Defendant

father and absent any evidence or showing that the present and existing custody award adversely affects the interests and welfare of the children and absent any showing that the interests and welfare of the children would be improved by a change of custody, the Motion of the Plaintiff is in all things denied."

The obligation of courts in child custody disputes in divorces is set out in SDCL 25-4-45:

"In an action for divorce the court may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

The standards for making these decisions are set out in SDCL 30-27-19:

"In awarding the custody of a minor or in appointing a general guardian, the court or judge is to be guided by the following considerations:

(1) By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of a sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question;

(2) As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

The issue of whether a decree of divorce should be modified as it related to child custody has been before this court many

times. Some of the more recent cases are: Millea v. Millea, 1975, 89 S.D. 112, 229 N.W.2d 95 (trial court's modification affirmed); Warder v. Warder, 1973, 87 S.D. 133, 203 N.W.2d 531 (trial court's modification based on mother's change of residence reversed); Anderson v. Anderson, 1972, 86 S.D. 757, 201 N.W.2d 394 (trial court's modification based on wife's concealment of pregnancy at time of divorce affirmed); Hershey v. Hershey, 1970, 85 S.D. 85, 177 N.W.2d 267 (trial court's modification based on wife's marital misconduct reversed); Dornbusch v. Dornbusch, 1968, 83 S.D. 524, 162 N.W.2d 283 (trial court's modification reversed for insufficient change of circumstances); Moser v. Moser, 1966, 82 S.D. 149, 143 N.W.2d 369 (trial court's modification reversed because no change of circumstances shown); Huckfeldt v. Huckfeldt, 1966, 82 S.D. 344, 146 N.W.2d 57 (trial court's refusal to modify affirmed); Septka v. Septka, 1963, 80 S.D. 299, 122 N.W.2d 766 (trial court's refusal to modify because of wife's relationship with another man affirmed); Ulver v. Ulver, 1956, 76 S.D. 371, 78 N.W.2d 830 (trial court's refusal to modify due to mother's remarriage affirmed); Application of Habeck, 1955, 75 S.D. 535, 69 N.W.2d 353 (trial court's modification reversed because no change of circumstances shown); Wright v. Stahl, 1949, 73 S.D. 157, 39 N.W.2d 875 (trial court's modification based on child's reaching school age affirmed); Wellnitz v. Wellnitz, 1946, 71 S.D. 430, 25 N.W.2d 458 (trial court's modification based on mother's change of residence reversed).

Notwithstanding our many prior decisions, we hope that a restatement of the principles which will be followed by this court in change of custody cases might reduce future litigation between parents.

It has long been the rule in South Dakota that before a court can modify a decree of divorce under SDCL 25-4-45 there must be a change of circumstances. Greenleaf v. Greenleaf, 1894, 6 S.D. 348, 61 N.W.42. The degree of change required is a "substantial and material change of circumstances". Huckfeldt v. Huckfeldt, supra; Dornbusch v. Dornbusch, supra; Hershey v. Hershey, supra; Warder v. Warder, supra.

There is a second factor to be considered by trial courts in

deciding change of custody requests. That is the welfare and best interests of the children. Wellnitz v. Wellnitz, supra; Wright v. Stahl, supra; Application of Habeck, supra; Ulver v. Ulver, supra; and Septka v. Septka, supra.

■ The parent or person seeking modification of the custody decree has the burden of proving both factors by a preponderance of the evidence. Huckfeldt v. Huckfeldt, supra; Dornbusch v. Dornbusch, supra; Warder v. Warder, supra.

To state the rule we have adopted in change of custody cases, the parent seeking modification of custodial rights has the burden of proving (1) that there has been a substantial and material change of circumstances since the decree of divorce was entered, and (2) that the welfare and best interests of the children require the modification being sought. Either factor standing alone will not justify a change of custody — both must be present. This is a heavy burden, but the courts, the parties and especially the children must be protected from endless and vexatious litigation and the resulting uncertainty flowing therefrom.

■ Starting with the proposition that the parties cannot relitigate the correctness of the original custody disposition, as we must, we find that the plaintiff herein has failed to sustain the burden of proof falling upon her. In borderline cases, as this was, we recognize that the parent not having custody might be tempted to relitigate the custody issue in the hope that a change in the composition of the Supreme Court might change its opinion. But this would not be fair either to the parties or the children and we will be especially vigilant to avoid rewarding persistence in this type of case.

■ At the original trial of the divorce action, plaintiff offered evidence that the shortcomings established by defendant's witnesses had been largely corrected prior to the final divorce hearing. The trial court and a majority of this court found otherwise. While the plaintiff's evidence does show a change in her attitudes and conduct, it primarily establishes a continuation of the reformation urged by her at the divorce hearing, and falls short of showing a substantial and material change of circumstances.

The fact that the original custody determination presented a close question does not reduce in any way the burden of the parent seeking modification of custody provisions of a divorce decree.

▮ We do not want to end this opinion with any inference that the plaintiff is without parental strengths. The trial court commended her for the improvements made and we join therein. We do feel that these changes would merit consideration by the trial court in enlarging her visitation rights to the fullest extent possible under the circumstances of the parties.

The Order of the trial court is affirmed.

WINANS and DOYLE, JJ., concur.

WOLLMAN and COLER, JJ., dissent.

JONES, Circuit Judge, sitting for DUNN, Chief Justice, disqualified.

WOLLMAN, Justice (dissenting).

I would reverse.

If reasons ever existed for awarding the children to defendant-father, as this court held in Masek v. Masek, 89 S.D. 62, 228 N.W.2d 334, then as I read the instant record those reasons no longer exist.[1]

The requirement that a substantial or material change of circumstances be demonstrated before a court may modify a custody order is a judicially created rule of expediency rather than a statutory requirement. Huckfeldt v. Huckfeldt, 82 S.D.

---

1. Perhaps it is time to reexamine our rule that findings of fact are not necessary to support an order issued in proceedings to modify the child custody provisions of a divorce decree, see SDCL 15-6-52(a) and , e.g., Millea v. Millea, — S.D. — , 229 N.W.2d 95; Christensen v. Christensen, 85 S.D. 653, 190 N.W.2d 62; Weins v. Weins, 70 S.D. 620, 20 N.W.2d 228; Foster v. Foster, 66 S.D. 395, 284 N.W. 54, and to impose a requirement that findings be made, at least in those cases where the trial court takes testimony in support of affidavits and exhibits.

344, 146 N.W.2d 57.[2] Although the rule is based upon pragmatic, practical reasons, well expressed in the majority opinion herein and in the Huckfeldt case, it should be applied to aid trial courts in carrying out their statutory duty to provide for the best interests of the child, SDCL 30-27-19(1), and should not be allowed to create a mechanistic barrier to fustrate the performance of that duty.

SDCL 30-27-19(2) provides that, other things being equal, the custody of a child of tender years should be given to the mother. Although "other things" may not have been equal at the time custody was awarded defendant-father, and I acknowledge that I am bound by the majority opinion in Masek v. Masek, supra, the conditions that caused that imbalance in the capacity of the parties to provide for the best interests of the children have, in my opinion at least, so ameliorated that plaintiff now stands on at least an equal plane with defendant-father with respect to her capacity to care for the children. I would apply the "substantial or material change" rule in the light of SDCL 30-27-19(2) by holding that when a mother has demonstrated that she is at least as capable of caring for her children as is the father she has satisfied our judicially created test. By so applying the rule, trial courts can honor both legislatively expressed concerns set forth in SDCL 30-27-19 and also effectuate the purposes which the rule was adopted to achieve. To attain a position of parity vis-a-vis the other parent is a substantial, material change in circumstances.

A number of factors must be considered in determining whether things are equal between the parties. Of course, minor children should not be subjected to a shuttlecock existence. Nor should the courts allow them to be used as pawns in a vindictive battle between the parties to a failed marriage. Certainly the trial court should consider the possible adverse effects a change of custody might have upon the child or children, taking into account whether the change will drastically upset established liv-

---

2. We have stated the rule in the disjunctive, Wellnitz v. Wellnitz, 71 S.D. 430, 25 N.W.2d 458; in the conjunctive, Hershey v. Hershey, 85 S.D. 85, 177 N.W.2d 267; and sometimes both ways in the same case. Huckfeldt v. Huckfeldt, supra. The words "substantial" and "material" may be tautological in the sense in which they are used in the rule.

ing patterns of some duration or will entail relocation to new and unfamiliar surroundings.

In the instant case the evidence reveals that plaintiff spends a good deal of time with her children in their home while defendant is at work; plaintiff estimated that the hours she spends with them would total two-plus days a week. Indeed, it could be said that plaintiff spends more living time with the children than does defendant. There is nothing in the record to indicate that plaintiff would do anything but continue to reside in the city of Sioux Falls and continue her career as a mother and part-time college music instructor. Thus the specter of an interstate, Wellnitz v. Wellnitz, 71 S.D. 430, 25 N.W.2d 458, transcontinental, Warder v. Warder, 87 S.D. 133, 203 N.W.2d 531, or intercontinental, Bolenbaugh v. Bolenbaugh, 89 S.D. 639, 237 N.W.2d 12, disruption is not a consideration here.

Because the record convinces me that plaintiff desires custody for the sole purpose of providing for the welfare of her children and that she is at least as capable of caring for them as is defendant, I would reverse the order denying the petition for change of custody and would direct the trial court to award custody of the children to plaintiff.

I am authorized to state that COLER, J., joins in this dissent.