**Application of Wayne P. GRULKE for a Writ of Habeas Corpus.**

No. 12252.

Supreme Court of South Dakota.

June 20, 1978.

John F. Cogley of Morgan, Fuller, Theeler & Cogley, Mitchell, for appellant.

Douglas R. Bleeker of Shandorf, Bleeker & Boldt, Mitchell, for respondent.

HECK, Circuit Judge.

An application by appellant for a writ of habeas corpus was brought before the circuit court to secure custody of a child born to the appellant, Wayne P. Grulke, and the respondent, Sharon Ann Scholten. The circuit court awarded custody of the child, Marla, to the respondent. We affirm the trial court's judgment.

In September of 1971, the District Court of Douglas County, Nebraska, entered a decree of divorce terminating the marriage between the appellant and the respondent, which decree awarded custody of the minor child to the natural mother. In September of 1975, the appellant took Marla to his home in Iowa consistent with the visitation rights granted in the decree of divorce. He did not return the child to her mother after the authorized visitation. Shortly thereafter, Mrs. Scholten filed a petition for writ of habeas corpus in the District Court of Shelby County, Iowa, seeking custody of Marla since she was not returned by the appellant. Mr. Grulke filed a petition in the same Iowa court requesting that he be awarded the custody of Marla. The trial of both matters was held in the Iowa court in October of 1975. In December of 1975, the Iowa court awarded custody of Marla to Mr. Grulke and granted Mrs. Scholten certain rights of visitation. Marla lived with her father until May of 1976, at which time respondent took Marla home with her to Ethan, South Dakota, for a two week visit authorized by the Iowa decree. At the end of said visit, respondent refused to return the child to the appellant. In September of 1976, Mr. Grulke filed an application for writ of habeas corpus in the Circuit Court of Davison County, South Dakota. The hearing was held during the first week of February, 1977. The court's decision awarded custody of Marla to Mrs. Scholten and judgment was entered on April 20, 1977.

Initially, we hold that the legal custody of the minor child was in the appellant, Mr. Grulke, by virtue of the decree entered by the Iowa court on December 1, 1975.

Secondly, we reaffirm the rule stated in *Masek v. Masek*, S.D., 237 N.W.2d 432, 434 (1976), which reads as follows:

"To state the rule we have adopted in change of custody cases, the parent seeking modification of custodial rights has the burden of proving (1) that there has been a substantial and material change of circumstances since the decree of divorce was entered,[1] and (2) that the welfare and best interests of the children require the modification being sought. Either

---

1. In this proceeding, it would be the aforementioned decree of custody entered by the Iowa court.

factor standing alone will not justify a change of custody—both must be present. This is a heavy burden, but the courts, the parties and especially the children must be protected from endless and vexatious litigation and the resulting uncertainty flowing therefrom."

Without commenting in detail on the evidence presented at the hearing before the trial court, we find that there was sufficient evidence of a substantial and material change of circumstances since the decree of custody was entered by the Iowa court and that the welfare and best interests of the minor child require that her custody be awarded to the natural mother.

Finally, we do not condone the actions of Mrs. Scholten of intentionally violating the order of the Iowa court granting custody to the appellant. Further, we do not condone the actions of Mr. Grulke of intentionally violating the order of the Nebraska court granting custody of the minor child to the respondent. Such actions on the part of each party are contemptuous and show a

2. We note that the trial court has required Mr. Grulke to post an undertaking with the court in the amount of $3,000 cash or approved sureties, conditioned on his returning the minor child to the respondent upon removing said

flagrant disregard for the administration of law in our country. Nevertheless, we are bound to provide a decision in conformance to our rules of law concerning child custody in cases which are brought before us.

The trial court followed the rules previously adopted by the Court in change of custody cases; and this Court, finding substantial evidence in the record to satisfy the burden of proof required for a modification of the custody decree, affirms the trial court's decision.[2]

All the Justices concur.

HECK, Circuit Judge, sitting for MORGAN, J., disqualified.

child for periods of visitation granted by the trial court. We commend the trial court for this procedure. Hopefully, it will result in compliance with the court's custody order.