**John GILLASPIE, Plaintiff and Appellant,**

v.

**Charlotte GILLASPIE, Defendant and Respondent.**

**No. 12127.**

Supreme Court of South Dakota.

Dec. 19, 1978.

David L. Bergren of Bergren & Duffy, Fort Pierre, for plaintiff and appellant.

N. J. Dugan, LaMirada, Cal., for defendant and respondent.

WOLLMAN, Chief Justice (on reassignment).

Plaintiff, John Gillaspie, was divorced from defendant, Charlotte Gillaspie, in 1972. Defendant was awarded custody of the couple's minor child, subject to plaintiff's visitation rights. In 1976, plaintiff asked that the judgment and decree of divorce be modified to give him custody of the child, subject to visitation rights in defendant. Plaintiff appeals from the circuit court's refusal to modify the judgment. We affirm.

The parties to this action were married in December of 1969. Defendant was at that time 15 years of age, a sophomore in high school and pregnant. Defendant quit school to begin her married life but less than two years later she returned to her parents' home with her child and resumed her high school education. During this period the effort of commuting from her parents' home near Midland, South Dakota, to her classes in Pierre, South Dakota, became too burdensome for defendant. She therefore moved her residence to Pierre, leaving the child to live with her parents. This situation was known to plaintiff at the time he entered into a stipulation and agreement with defendant. By the terms of this agreement, which was adopted by the trial court, plaintiff voluntarily surrendered custody of the child to defendant, subject to his visitation rights of eight days per month, plus alternate Thanksgiving and Christmas holidays. This arrangement, whereby the child lived with his grandparents, was visited by his mother on weekends, and stayed with his father during two, four-day periods each month, continued for nearly four years.

Plaintiff alleged that there were materially changed circumstances that demonstrated that the interests of the child would best be served by the requested change in custody. The only changes in the situation established at the hearing, however, were that plaintiff had remarried and the child had reached school age. Plaintiff argues that defendant has as a practical matter surrendered custody of the child to her parents and that this fact should militate against her continued custody. At the hearing, however, plaintiff admitted that when he entered into the stipulation and agreement placing custody in defendant he knew that the child was living with the grandparents. In *Wellnitz v. Wellnitz,* 71 S.D. 430, 432, 25 N.W.2d 458, 459, we held:

A judgment in an action for divorce which awards the custody of a child of the parties is res judicata as to the right of custody under the conditions then existing, and a material or substantial change of circumstances must be established to invoke the power affirmed by SDC 14.0724, [now SDCL 25–4–45] to modify the provisions of the judgment with reference thereto.

Plaintiff points to the fact that he is now married and that his new wife and her children are eager to provide a loving, stable environment for the continued rearing of this child. An investigation by the court services officer revealed that plaintiff, defendant, and the grandparents could each provide a suitable home for the child, but that the only true home the child identified with was that of his grandparents and that if the choice were left to the child he would elect to remain with them. The court services officer testified that although the child is of tender years he is able to form an intelligent preference. While not controlling, of course, this preference may be considered. SDCL 30–27–19. In *Masek v. Masek,* S.D., 237 N.W.2d 432, we identified the rule in change of custody cases.

To state the rule we have adopted in change of custody cases, the parent seeking modification of custodial rights has the burden of proving (1) that there has been a substantial and material change of circumstances since the decree of divorce was entered, and (2) that the welfare and best interests of the children require the modification being sought. Either factor standing alone will not justify a change

of custody—both must be present. This is a heavy burden, but the courts, the parties and especially the children must be protected from endless and vexatious litigation and the resulting uncertainty flowing therefrom. 237 N.W.2d at 434. Plaintiff's proof fell short of establishing the elements summarized in the *Masek* case. Accordingly, the trial court's order denying plaintiff's motion to modify the judgment is affirmed.

DUNN and MORGAN, JJ., concur.

ZASTROW, J., dissents.

PORTER, J., deeming himself disqualified, took no part in the decision.

ZASTROW, Justice (dissenting).

I must respectfully dissent from the majority opinion. The majority acknowledges that the actual physical custody is now with the mother's parents. The mother and father have only occasional visitations with the child; the mother by choice, the father by court order.

The majority upholds this *de facto* custody arrangement even though there was a finding that both mother and father are fit and proper parents. Although there is no finding of fitness of the grandparents, I presume they are fit. The granting of actual custody of a child should be given to grandparents only when it is shown that the best interest of the child requires it and the parents are not fit and proper persons to have custody. This has not been shown.

The majority justifies this *de facto* award of custody because "[t]his situation was known to plaintiff at the time he entered into a stipulation and agreement [for custody] with defendant." However, the transcript reveals that the "situation" known by the plaintiff was that while the defendant attended high school during the day the grandparents baby sat for the child. When the harsh winter days made it difficult to commute to high school, the defendant began to stay in Fort Pierre with her grandmother.

The plaintiff did not know, and could not have known, that when the defendant finished high school, obtained employment and her own housing, that the child would remain with the grandparents for almost three years.

Likewise, the majority seems to indicate that the plaintiff's four-year acquiescence somehow forfeited his right to seek custody of the child. To the contrary, it appears that the plaintiff went out of his way to cooperate with the defendant and the grandparents. It was only after it became abundantly clear that the defendant was not going to exercise physical custody of the child that he took this action.

I feel that a substantial change of circumstances has been shown, i. e., the abandonment of physical custody of the child, and the finding of fitness of the plaintiff to have custody, requires a reversal of the judgment.