Mary Ann SINGER, Plaintiff and Appellant,

v.

Leonard J. SINGER, Defendant and Appellee.

No. 13425.

Supreme Court of South Dakota.

Considered on Briefs Oct. 27, 1981.

Decided March 31, 1982.

Catherine G. Ortner of Ortner & Ortner, Hot Springs, for plaintiff and appellant.

Kenneth R. Dewell, Hot Springs, for defendant and appellee.

PER CURIAM.

This is an appeal from a judgment reducing the amount of appellee Leonard J. Singer's child support arrearages and future payments. We affirm.

Appellant Mary Ann Singer and appellee were married on November 18, 1974, and divorced on June 28, 1977. The divorce decree ordered appellee to pay $100 per month to support their son, Randall J. Singer, born September 9, 1975.

On May 4, 1979, appellant filed a motion to show cause why appellee should not be required to pay $2,100 in child support arrearages. Four months later, she initiated a separate action for the total accrued child support and attorney's fees. After a hearing combining appellant's motions, the trial court reduced appellee's child support arrearages from $3,078.94 to $1,500, and reduced future support payments from $100 per month to $75 per month.

Appellee was the only witness testifying at the hearing on appellant's motion. At that time, he was 43 years old. His twelve-year-old daughter from a previous marriage lived with him.

Appellee testified that at the time of his marriage to appellant he was operating a greenhouse on property owned by his mother. The uninsured greenhouses were destroyed by a windstorm during the winter of 1977, resulting in a $600 net loss. Appellee tore down the greenhouses, and his mother installed a trailer court on the property.

After the destruction of the greenhouses, appellee and his daughter lived with his mother rent free. Appellee managed the trailer court; his mother paid all of his expenses and those of his daughter.

In September, 1979, appellee remarried. His present wife works an average of twenty hours per week as a grocery store checker. Her daughter from a prior marriage lives with them. Appellee testified that he did not know if she receives child support from her former husband.

Other than managing the trailer court, appellee has been unemployed since 1977. He has filed no income tax returns. He has no insurance, stocks, bonds, bank accounts or pensions, but he does own a pickup truck. He received $500 per month for approximately three months while managing his mother's estate following her death on January 12, 1980. He expected to inherit eight lots and four mobile homes. The estate was not closed at the time of these proceedings. Appellee expected to look for a job at some point, but his bronchitis limits the type of work he is able to do.

The trial court concluded that a change in appellee's financial condition and employment circumstances had occurred since the entry of the original divorce decree due to the destruction of the greenhouses and appellee's care of his ailing mother prior to her death. Concluding that appellee had not had the ability to make the payments required by the terms of the decree of divorce and that he would be unable to pay those amounts in the future, the trial court reduced the arrearages to $1,500 and the future payments to $75 per month.

Appellant argues that various findings of fact supporting the trial court's conclusions find no basis in the record and that absent those findings, the trial court had no basis for reducing the payments. After a review of the record, however, we conclude that the disputed findings are adequately supported by the evidence and are thus not

clearly erroneous. *Karim v. Karim*, 310 N.W.2d 159 (S.D.1981).

■ Our holding in *State ex rel. Larsgaard v. Larsgaard*, 298 N.W.2d 381 (S.D. 1980), answers appellant's further contention that the trial court was without authority to either retrospectively or prospectively reduce appellee's child support obligation. In *Larsgaard* we held that we will not disturb a modification of judgment for child support "unless it clearly appears that the trial court abused its discretion." 298 N.W.2d at 385. We find no such abuse of discretion here.

The judgment is affirmed.