Sandra MENNING, Plaintiff
and Respondent,

v.

Darrell MENNING, Defendant
and Appellant.

No. 12375.

Supreme Court of South Dakota.

Argued Oct. 17, 1978.
Decided Dec. 28, 1978.

Lloyd J. Mahan, Parkston, for plaintiff and respondent.

John N. Gridley, III, of Gridley, Nasser & Arneson, Sioux Falls, for defendant and appellant.

DUNN, Justice.

Defendant Darrell Menning seeks modification of the original divorce decree provision by which child custody rights to the parties' daughter were granted to plaintiff Sandra Menning. The trial court denied the change in custody sought, and Darrell appeals. We affirm.

The parties were married on March 22, 1957, and four children were born as issue of the marriage, i. e., Terry, Todd, Brian, and Cindy. At the time of the divorce, their ages were 15, 13, 9, and 4, respectively. The divorce decree incorporated an agreement entered into by the parties which gave Darrell the sole care, custody, and control of Terry and Todd and Sandra the sole care, custody and control of Brian and Cindy. Visitation rights were prescribed, and Darrell was deemed responsible for support payments for Brian and Cindy.

On August 10, 1977, Darrell moved the trial court to modify the divorce decree by changing custody of Cindy from Sandra to Darrell upon the grounds that there were changed circumstances since the divorce and changing the custody of Cindy would be in her best interests.* After a hearing on the motion, the trial court denied the motion and entered findings of fact and conclusions of law in support of its judgment denying the motion.

█ The trial court is vested with broad discretion in deciding questions of child custody modification, and such trial court decisions will be reversed only upon a clear showing of an abuse of that discretion. SDCL 25-4-45; *Ulver v. Ulver*, 1956, 76 S.D. 371, 78 N.W.2d 830; *Weygand v. Weygand*, 1941, 68 S.D. 1, 297 N.W. 689. To aid the trial court in the exercise of its discretion in child custody modification proceedings, we have adopted the rule that the parent seeking modification of custodial

---

* The motion for change of custody did not include Brian because Brian was already living with Darrell by agreement of the parties, although it appears that Sandra did not expressly waive her right to the sole care, custody, and control of Brian.

rights has the burden of proving by a preponderance of the evidence that (1) there has been a substantial and material change of circumstances since the decree of divorce was entered, and (2) the welfare and best interests of the children require the modification being sought. *Masek v. Masek*, 1976, S.D., 237 N.W.2d 432, 434.

The record reveals that there have been very few changes in circumstances. Darrell has remarried and still resides in Corsica, South Dakota. He has changed his means of earning a living from working in the burial vault business and running a bowling alley to full-time farming and part-time school bus driving. By oral agreement, Sandra has allowed Brian to live with Darrell. Sandra and Cindy moved to Michigan, and Sandra has remarried. At the time of the motion for change of custody, Cindy was almost seven years old.

Reviewing these changed circumstances, we find that the remarriage of both parties is of no consequence, especially in light of the fact that Sandra's husband has accepted Cindy as his own child, and his relationship with her is warm and loving. Further, the fact that Sandra has moved to Michigan is not *per se* a ground for review of custody. There was no territorial restriction placed upon the right to custody; in fact, the divorce decree adopted the stipulation of the parties which contemplated moves outside the state in its visitation provisions. Darrell contends that Brian's move back to South Dakota is a material and substantial change of circumstances, mandating that he have custody of Cindy in order to bring the family together. Simply allowing Brian to stay with Darrell does not constitute a change in circumstances that is sufficiently material to affect Cindy in an adverse manner.

The trial court found that Darrell failed to prove by a preponderance of the evidence that there had been a substantial and material change of circumstances since the entry of the divorce decree. Our review of the record indicates that such a finding is justified; therefore, the trial court did not abuse its discretion in making such a finding.

Darrell attempted to show that Cindy's welfare and best interests required the modification being sought. He testified that he was in a better position to take care of all four children in that he had changed jobs and settled down to more conventional-type living. It was pointed out, however, that Darrell was having trouble paying some of his bills, he had shown very little profit as far as earning income, and his wife was working to help support the family. Terry had been subject to juvenile correction at the Youth Forestry Camp. Since moving in with Darrell, Brian had been expelled from school as the result of a behavioral problem. Other testimony from family and friends indicated that the brothers and sisters were close and loved each other and that the family attended church together regularly. The fact that the brothers and sisters were close and liked being together is only one component within Cindy's total welfare and best interests.

Sandra testified that her husband was committed to treating Cindy as his own child and to providing her with a good home. Sandra's husband was employed as a manager of a grocery store and had a steady salaried income. Her husband had custody of his twelve-year-old son who got along well with Cindy. The family attended church together regularly and Cindy was enrolled in the local Christian school. Cindy was shown to have many friends in her Michigan neighborhood. Testimony from family and friends indicated that Cindy and her mother were close and companionable.

Expert testimony from an educational psychologist who had tested Cindy at Darrell's request indicated that she felt good about both parents and that she was equally happy in both homes. The expert stated that Cindy had a good relationship with her mother and that inferences made about Sandra were very positive. He further testified that Cindy was a well-adjusted little girl and was not harmed emotionally by living with her mother. In reply to a leading question asked by Darrell's counsel, the expert indicated that with all other things

being equal, Cindy would be happier and more well-adjusted living with her father, stepmother, and brothers than living with just her mother alone. This is not helpful because the evidence shows that she was equally happy and well-adjusted living with her mother, stepfather, and the twelve-year-old son of the stepfather.

Finally, the trial judge interviewed Cindy in chambers and reported that Cindy loved both parents but wanted to live in South Dakota with her father and her brothers. The expert psychologist testified that the six weeks that Cindy had just spent with her father would have a substantial influence on her, particularly in the summer months when she was free to play and enjoy her brothers. He further testified that this influence affected his sessions with her and would presumably prompt Cindy to say something to please Darrell such as her stated preference for living in South Dakota.

Darrell concedes that both parents would provide a sufficient home for Cindy and that her development would not be harmed by being in the custody of either parent. He contends, however, that she would be happier with her father and her brothers. The testimony that the children love each other and that Cindy is happy when she is with her brothers falls short of proving by a preponderance that her welfare and best interests require modification of custody. There was no showing that the present custody situation adversely affects Cindy's welfare or best interests, e. g., her mother's failure to properly provide for Cindy's physical, social, moral, and educational needs.

The trial court found that Cindy's welfare and best interests would be served by leaving her in the custody of her mother, Sandra. There is considerable support in the record for such a finding; therefore, the trial court did not abuse its discretion in making such a finding.

The judgment of the trial court denying the motion for change of custody is affirmed.

All the Justices concur.