**Alan Keith ENGELS, Plaintiff and Appellant,**

v.

**June Deloy ENGELS, now June Deloy Anderson, Defendant and Appellee.**

No. 12815.

Supreme Court of South Dakota.

Submitted on Brief of Appellant April 21, 1980.

Decided Oct. 22, 1980.

Rehearing Denied Dec. 1, 1980.

Alan Keith Engels, pro se.

HENDERSON, Justice.

### ACTION

This is a pro se appeal by Alan Keith Engels, appellant, from a judgment and order of the trial court denying appellant's motion for modification of a divorce decree so as to provide him with the custody of his minor children. The children's mother, formerly June Deloy Engels (appellee), filed no brief. We affirm.

### FACTS

On September 28, 1976, a decree was entered by the trial court divorcing appellant from appellee. The decree ordered custody of the parties' minor children to appellee. The children were six, five, and four years of age as of September 1976. No appeal was ever taken from this decree. However, on December 7, 1978, appellant filed a motion to vacate and reverse the decision of the trial court as set forth in the divorce decree of September 28, 1976. Specifically, appellant prayed for care, custody, and control of the three minor children. The trial court considered appellant's requested relief

as being a motion to modify the decree. Upon hearing the testimony of appellant, appellee, and their respective witnesses on January 5, 1979, the trial court entered the following Findings of Fact:

3. The Court Finds as a matter of Fact that the Defendant June Deloy Engels, now June Deloy Anderson, has all the capabilities to manage the affairs of her life, and the lives of her children by providing them with good moral and ethical teachings.

4. The Court Finds as a matter of Fact that the Defendant June Deloy Engels, now June Deloy Anderson, has all the capabilities to provide for the general welfare of the children of the parties in an adequate manner.

. . . . .

8. The Court Finds as a matter of Fact that the Defendant is not immoral or an unfit mother.

9. The Court Finds as a matter of Fact that the children have not been neglected by the Defendant.

. . . . .

13. The Court Finds as a matter of Fact that, from the evidence, there has been no change in circumstances warranting the modification as requested by Plaintiff, Alan Keith Engels.

14. The Court Finds as a matter of Fact that from the evidence, that the Plaintiff petitioner, Alan Keith Engels, has not, by a perponderance (sic) of the evidence, shown said proposed modification would be in the best interests and welfare of the children.

Under its Conclusions of Law, the trial court stated:

4. The Court Concludes as a matter of Law that the best interests of the minor children's temperal (sic), mental and moral welfare must be considered.

5. The Court Concludes as a matter of Law that there is present no material change of circumstances to warrant the relief sought.

6. The Court Concludes as a matter of Law that no substantial change of circumstances has been shown to render the relief sought.

7. The Court Concludes as a matter of Law that there is no change of circumstances to warrant the relief sought.

8. The Court Concludes as a matter of Law that it would not be in the best interests of the children to render the relief sought.

A judgment and order were entered April 11, 1979, denying appellant's motion to amend the divorce decree. Appellant prepared and filed 25 assignments of error. This Court, however, recognizes that only one basic legal question is involved.

## ISSUE

Did the trial court err by denying appellant's motion for modification of the divorce decree? We hold that it did not.

## DECISION

Upon review this Court must give due regard to the opportunity of the trial court to judge the credibility of the witnesses and its findings of fact will not be set aside unless they are clearly erroneous. SDCL 15 6 52(a). The trial court has broad discretion in awarding custody of minor children and this Court will not interfere with that discretion unless the record presents a clear case of abuse. *Holforty v. Holforty*, 272 N.W.2d 810 (S.D. 1978); *Pochop v. Pochop*, 89 S.D. 466, 233 N.W.2d 806 (1975); *Masek v. Masek*, 89 S.D. 62, 228 N.W.2d 334 (1975).

SDCL 30 27 19, as in effect during this case,* provides that in awarding custody of minor children the trial court is to be guided by the following considerations:

* SDCL 30–27–19 has been modified to eliminate the "tender years" doctrine as previously provided in SDCL 30 -27 -19(2).

(1) By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of a sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question;

(2) As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father.

Furthermore, SDCL 25-4-45 states:

In an action for divorce the court may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same.

This Court has recently adopted the rule that:

[T]he parent seeking modification of custodial rights has the burden of proving by a preponderance of the evidence that (1) there has been a substantial and material change of circumstances since the decree of divorce was entered, and (2) the welfare and best interests of the children require the modification being sought.

*Menning v. Menning*, 272 N.W.2d 828, 829-30 (S.D. 1978); citing *Masek v. Masek*, 90 S.D. 1, 237 N.W.2d 432 (1976).

We have reviewed the record in conjunction with appellant's contentions and have not found a substantial or material change of circumstances to warrant a modification of the divorce decree. The trial court did not abuse its discretion in refusing to modify its original determination of custodial rights.

The judgment and order of the trial court is affirmed.

All the Justices concur.

