Debra MARTIN, Plaintiff and Appellant,

v.

Steven J. MARTIN, Defendant and Appellee.

Nos. 13155, 13193.

Supreme Court of South Dakota.

Considered on Briefs March 20, 1981.

Decided June 10, 1981.

Ramon A. Roubideaux, Rapid City, for plaintiff and appellant.

Charles A. Wolsky of Morman, Smit, Shepard, Hughes & Wolsky, Sturgis, for defendant and appellee.

HENDERSON, Justice.

### ACTION

Debra Martin (mother) appeals from an amended judgment of the trial court which awarded to Steven J. Martin (father) sole custody of the parties' two minor children. The mother also appeals from the trial court's order denying her motion for a new trial and post-judgment relief. Appellate counsel for the mother did not act as her trial counsel. We affirm.

### FACTS

The parties were married on July 26, 1974, and divorced on December 11, 1978. Two children were born of this marriage: Callie, born September 10, 1975, and Mitchell, born August 7, 1977. The divorce de-

cree provided that the parties would have joint and equal custody of the children.

In December of 1979, the mother petitioned the trial court for an order to show cause for the purpose of modifying the parties' custody arrangement. Sworn testimony and various affidavits were presented to the trial court, including the testimony and written report by W. Raymond Berry of the South Dakota Department of Social Services. As a result of these proceedings, the trial court entered an amended judgment on April 17, 1980, which awarded the father sole custody of the parties' children, subject to certain visitation rights by the mother.

On May 9, 1980, the mother filed an affidavit and motion for new trial and post-judgment relief. The trial court subsequently entered an order denying this motion. The mother appeals from that order and also the amended judgment of April 17, 1980.

## ISSUES

### I.

Did the trial court abuse its discretion by awarding custody of the parties' minor children to the father? We hold that it did not.

### II.

Did the trial court err in denying the mother's motion for a new trial and post-judgment relief? We hold that it did not.

## DECISION

### I.

■ A trial court has broad discretion in awarding custody of minor children and this Court will not interfere with that discretion unless the record presents a clear case of abuse. *Engels v. Engels*, 297 N.W.2d 489 (S.D.1980); *Holforty v. Holforty*, 272 N.W.2d 810 (S.D.1978); *Pochop v. Pochop*, 89 S.D. 466, 233 N.W.2d 806 (1975).

SDCL 25–4–45 states that "[i]n an action for divorce the court may, before or after judgment, give such direction for the custo-dy, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same." This Court has adopted the rule that:

[T]he parent seeking modification of custodial rights has the burden of proving by a preponderance of the evidence that (1) there has been a substantial and material change of circumstances since the decree of divorce was entered, and (2) the welfare and best interests of the children require the modification being sought.

*Menning v. Menning*, 272 N.W.2d 828, 829–30 (S.D.1978); citing *Masek v. Masek*, 90 S.D. 1, 237 N.W.2d 432 (1976).

■ Both parties recognized that the joint custody arrangement was not in the best interests and welfare of the children. Thus, the parties have agreed that there has been a substantial change of circumstances since the divorce decree was entered. Further, the trial court found that, due to the following factors, a substantial and material change had occurred since the implementation of the original custody arrangement: The father had remarried in July of 1979 to a woman who was willing and able to provide the children with a positive motherly influence; the mother has attempted to undermine the children's respect and affection for their father; the father has firm plans to maintain his present home and business while the mother's future plans are more indefinite; and the joint custody arrangement has been causing the children emotional hardship. The trial court further found that the father had provided for the spiritual and educational training of the children and was able to provide a more stable environment for the children than the mother.

By stipulation of the parties and court order, a report by social service caseworker Berry dated February 7, 1980, was submitted to the trial court. The parties were given the opportunity to orally question Berry with regard to the report's contents. In his report, Berry observed that the father and his present wife provided the children with an appropriate and natural famil-

ial atmosphere. As a result of his interview with the mother, Berry determined that she relies heavily upon her parents (the children's maternal grandparents) for the care of the children. Berry concluded his report by recommending that the custody of the children be awarded to the father, with the mother being granted reasonable visitation rights.

■ The mother contends that she should be granted custody of the children due to their tender age. Effective July 1, 1979, however, SDCL 30–27–19(2) was amended to read: "As between parents adversely claiming the custody or guardianship, neither parent shall be given preference over the other in determining custody." Notwithstanding the Legislature's repeal of the tender years doctrine, the mother would apparently have the judiciary continue to apply it. This we decline to do. The purpose of the Legislature in amending SDCL 30–27–19(2) is clear: It desired that neither parent be given custodial preference due to their respective sex.

We have reviewed the record in conjunction with the mother's contentions and conclude that a substantial and material change of circumstances has occurred since the original custody award was made. Also, the trial court correctly considered the best interests of the children when it made its custodial modification. We hold that the trial court did not abuse its discretion in awarding the father custody of the parties' two children.

## II.

■ Subsequent to the filing of the trial court's amended judgment, the mother moved for a new trial. This motion was denied. SDCL 15–6–59(b) provides in pertinent part: "The motion for a new trial stating the grounds thereof shall be served not later than ten days after the notice of entry of the judgment." The mother was served with a copy of the amended judgment on April 22, 1980. Her motion for a new trial was filed May 9, 1980. Assuming arguendo that the order to show cause proceeding was a trial, clearly the ten-day provision specified in SDCL 15–6–59(b) was not met; hence, the mother's motion for a new trial was properly denied by the trial court.

■ On May 9, 1980, the mother filed an affidavit and motion for relief under SDCL 15–6–60(b)(2), which provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . . . .

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under § 15–6–59(b)[.]

The trial court likewise denied this motion. We find nothing in the mother's affidavit that would factually constitute newly discovered evidence which, by due diligence, could not have been discovered in time to move for a new trial under SDCL 15–6–59(b), or in time to be presented at the order to show cause proceeding. As such, we hold that the trial court did not err by refusing to grant the mother's motion for relief under SDCL 15–6–60(b)(2).

We have reviewed the remaining contentions proffered by the mother and find them devoid of merit.

The amended judgment and order of the trial court are affirmed.

All the Justices concur.