Agnes A. KARIM, Plaintiff and Appellee,

v.

M. Reza Ul KARIM, Defendant and Appellant.

No. 13230.

Supreme Court of South Dakota.

Considered on Briefs Aug. 11, 1981.

Decided Sept. 9, 1981.

Jeanne Reisenweber Lyke of East River Legal Services, Aberdeen, for plaintiff and appellee.

Thomas M. Tobin of Maynes, Tonner, Maynes & Tobin, Aberdeen, for defendant and appellant.

PER CURIAM.

This is an appeal by appellant M. Reza Ul Karim (father) from a judgment and order

of the trial court, both dated August 7, 1980, which denied the father's motions for a permanent change of custody, temporary custody, and temporary reduction in child support payments; also, the trial court's order held the father in contempt of court for violating visitation privileges provided in a divorce decree. At the conclusion of the contempt hearing of July 30, 1980, the trial court awarded appellee Agnes A. Karim (mother) $325 representing court costs and expenses incurred in retrieving the parties' children from the father. The father likewise contends that this award was erroneous. We affirm the trial court in toto.

This appeal is a sequel to *Karim v. Karim*, 290 N.W.2d 479 (S.D.1980), which was remanded for the purpose of permitting the father access to various social service reports and to cross-examine the authors thereof. Upon remand, the father raised several additional alternative motions, all of which were denied.

No novel questions of law are presented in this case. Rather, appellant alleges erroneous factual findings and an abuse of discretion by the trial court. A trial court's findings of fact shall not be set aside unless clearly erroneous. SDCL 15–6–52(a); *Cunningham v. Yankton Clinic, P. A.*, 262 N.W.2d 508 (S.D.1978). Having reviewed the record, we hold that the disputed findings were supported by sufficient evidence and thus not clearly erroneous. Moreover, we find no abuse of discretion by the trial court. SDCL 15–17–16; *Martin v. Martin*, 306 N.W.2d 648 (S.D.1981); *State ex rel. Larsgaard v. Larsgaard*, 298 N.W.2d 381 (S.D.1980); *Engels v. Engels*, 297 N.W.2d 489 (S.D.1980); *see also* SDCL 25–4–45; SDCL 30–27–19.

Appellant's brief rebukes, with some vigor, the impartiality and fairness of the trial court and its holdings. We hereby admonish appellant's counsel for these references and caution counsel to advocate points of law and not chide the trial court. Specifically, we call attention to SDCL 16–18–13 which provides: "It is the duty of an attorney and counselor at law to maintain the respect due to the courts of justice and judicial officers."

Affirmed.