**Margaret E. HASKELL, Plaintiff
and Appellant,**

v.

**Wayne A. HASKELL, Defendant
and Appellee.**

**No. 13374.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 20, 1982.

Decided Sept. 29, 1982.

Russell C. Molstad, Jr. of Molstad & Molstad, Sturgis, for plaintiff and appellant.

John J. Delaney of Amundson & Fuller, Lead, for defendant and appellee.

FOSHEIM, Chief Justice.

This is an appeal from an order modifying the child custody provisions of a divorce decree. We affirm in part, reverse in part, and remand.

Appellant, Margaret E. Haskell, and appellee, Wayne A. Haskell, were married on November 19, 1977. On August 3, 1979, when their son, Wayne, Jr., was thirteen months old, the parties were divorced. They stipulated that appellant would have custody of Wayne, Jr.; this stipulation was made a part of the decree of divorce. Ten

months later, appellee started proceedings to gain custody of Wayne, Jr.; on February 17, 1981, when Wayne Jr. was two and one-half years old, the trial court changed his custody from appellant to appellee.

Appellee is a 25-year-old high school graduate who works as a sandman for Homestake, a job he has had since he married appellant. His take home pay is $1,200 per month. Shortly after his divorce from appellant was final, he married a woman that he had been seeing for several months. They have one child.

Appellant married appellee when she was 16; she is now 20 years old. She once worked for Country Kitchen; however, since March, 1979, she has received A.D.C. and food stamp assistance amounting to $432 per month.

During the ten-month period between the date of the divorce and the beginning of the change of custody proceedings, appellant and Wayne, Jr. moved four times. After living in Box Elder, a move necessitated by her desire to be close to her foster mother, appellant moved to Sturgis for seven months. Because she was unable to find a job, was pregnant, and wanted to have the baby in Rapid City, she moved to Rapid City. After a month or two of commuting back to Sturgis for doctor appointments, she moved back to Sturgis.

During this same period, appellant admitted a sexual relationship with G. H., the father of her second son, J. J., who was born July 14, 1980. She testified that G. H. spent only one entire night at her home; Wayne Jr. was asleep at the time. She also had another male friend during this time frame.

Appellee testified that he had difficulty arranging visitation with his son. When he did see Wayne Jr., appellee, his new wife and his mother testified that Wayne Jr. was sickly, dirty, and shy, and lived in a filthy apartment. Several social workers, however, found appellant's apartment well kept, and her relationship with Wayne Jr. loving. Except for a heart murmur, doctors found Wayne Jr. a healthy, normal child.

The trial court found that

Plaintiff's transient life style, male companions, the disruption of visitation and the absence of a necessary male role model are destructive to and fail to provide a stable, wholesome and nourishing environment necessary for the proper development of a minor child.

Consequently, the trial court granted custody of Wayne Jr. to appellee. Whether the trial court abused its discretion by doing so is at issue on appeal.

In *Kolb v. Kolb,* 324 N.W.2d 279 (S.D.), handed down September 15, 1982, we said:

When the original decree is based on an agreement of the parties, the modification hearing should be free from the substantial change of circumstances constraints as this is the first meaningful opportunity for a trial court to fully hear and decide all unlitigated matters of custody. Consequently appellee was not required to prove change of circumstances affecting the welfare of the children. The trial court must be free in this type of case to consider and balance any adverse effect a custody modification may now have upon the children, regardless of the basis of the original disposition. This leads us to the discretion test.

SDCL 25-4-45 has been held to leave broad discretion in the trial court to determine which parent in a divorce action shall be given custody of their children and that decision will be reversed only for a clear abuse of discretion. *Sneesby* [*v. Davis,* 308 N.W.2d 565 (S.D.)], *supra; Engels* [*v. Engels,* 297 N.W.2d 489 (S.D.)], *supra; Huckfeldt* [*v. Huckfeldt,* 82 S.D. 344, 146 N.W.2d 57], *supra.*

■ In this case as in *Kolb,* supra, the pertinent facts were not put in issue or tried at the time of the divorce. The transcript of the modification hearing, however, reveals detailed testimony as to the best interests of Wayne Jr. by the parties, their families, social workers and a pediatrician. Our review of this record convinces us that the trial court did not commit a clear abuse of discretion by ordering the change of custody. A transient life style, like divided custody resulting in frequent shifting of

schools, "would greatly interfere with the education and proper rearing of the child..." and not be in his best interest. *Wright v. Stahl,* 73 S.D. 157, 161, 39 N.W.2d 875, 877 (1949).

▮ Appellant also argues that the trial court abused its discretion by not awarding her reasonable attorney's fees. She has also asked this Court for costs and attorney's fees on appeal. Appellant should be awarded her reasonable attorney's fees for defending these proceedings in the trial court. The case is remanded for that purpose. Appellant is also allowed costs and attorney's fees on appeal in the amount of $1,000.00.

Affirmed in part, reversed in part, and remanded.

WOLLMAN, DUNN and MORGAN, JJ., concur.

HENDERSON, J., concurs in part and dissents in part.

HENDERSON, Justice (concurring in part, dissenting in part).

The briefs in this case pose three issues: (1) did the trial court properly determine that there had been a substantial and material change in circumstances *since the decree of divorce;* (2) whether the trial court properly found a change in custody to be in the best interests of the child; and (3) if the trial court properly refused to award attorney's fees unto the appellant-mother. I join the majority decision in affirming the trial court on a modification of the decree and reversing the trial court for failure to allow the appellant-mother reasonable attorney's fees. This case was ably tried in a contested child custody modification hearing and pertained to facts subsequent to the decree of divorce. Twenty-three findings of fact and seven conclusions of law were entered by the trial court all pertaining to facts subsequent to the decree of divorce. The burden of proof in the two-prong test set forth in *Sneesby* and *Engels,* cited in this decision, was met by the appellee-father. Appellee-father proved both elements by a preponderance of the evidence. *Huckfeldt v. Huckfeldt,* 82 S.D. 344, 146 N.W.2d 57 (1966). A trial court has broad discre-

tion in awarding custody of minor children and this Court will not interfere with that discretion absent a clear case of abuse. *Holforty v. Holforty,* 272 N.W.2d 810 (S.D. 1978). In exercising this discretion, the trial court must be supported by a sound and substantial basis in the record. *Haskell v. Haskell,* 279 N.W.2d 903 (S.D.1979). Reviewing this record, I am absolutely convinced that there was a sound and substantial evidentiary basis for the trial court's decision. Thus, there is no clear abuse of discretion.

Appellee-father is far more financially equipped to defray attorney's fees than appellant-mother. She is entitled to defend an action that removes the parties' son from her custody. She was young, immature, and unwise (married at sixteen, divorced at twenty, and now a mother of an illegitimate child), but she is entitled to her day in court. I likewise would reverse the trial court on a total denial of attorney's fees.

I refuse to be bound by the *Kolb* citation in this opinion. All of the evidence in this case and the issues briefed relate to facts subsequent to the decree. Such a citation is totally inappropriate because there are absolutely no facts prior to this decree which were tried. It is using dicta in one opinion to put dicta in another. This Court's review is limited to the trial court's findings of fact and conclusions of law. *O'Connor v. O'Connor,* 307 N.W.2d 132 (S.D.1981); *Connelly v. Sherwood,* 268 N.W.2d 140 (S.D. 1978). This Court should not indulge in holdings or make reference to other decisions which are not germane to the issues posed at the trial court level or briefs. Therefore, I dissent to the extraneous references to *Kolb* and an attempt to interweave it into the fabric of the decisional law of South Dakota. *See Kolb v. Kolb,* 324 N.W.2d 279 (S.D.1982) (Henderson, Justice, concurring in part, dissenting in part).