Judy E. **HANSEN**, Plaintiff
and Appellant,

v.

Larry E. **HANSEN**, Defendant
and Appellee.

No. 13623.

Supreme Court of South Dakota.

Argued May 17, 1982.

Decided Dec. 8, 1982.

Derald W. Wiehl of May, Johnson, Doyle & Becker, P.C., Sioux Falls, for plaintiff and appellant.

William G. Taylor of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for defendant and appellee.

WOLLMAN, Justice.

This is an appeal from an order modifying the child custody provisions of a divorce decree. We affirm.

The children's mother and father were divorced in 1973. The mother received custody of the children, Donovan and Jeremy, pursuant to a stipulation and agreement between her and the father. From the time of the divorce to 1978, the mother and children lived in Sioux Falls, South Dakota. The mother and children then moved to Sioux City, where the mother received work and job training. The mother cooperated in having the children spend weekends, sum-

mer vacations, and holidays with their father at his farm outside Hurley, South Dakota. In 1980, the mother secured a position as a broker with a company in Phoenix, Arizona. This move made it more difficult for the children to spend time with their father.

The mother's job has required her to leave for work around 6:00 a.m. and return after 5:00 p.m. Last school year, the children got themselves ready for school, which started at 8:30 a.m., and since they were dismissed from school at 2:15 and 3:30, they took care of themselves until their mother returned from work. There is no evidence that the children were ever tardy for school or got in any trouble while they were alone. An aunt and uncle of the mother live a few blocks from the Phoenix home.

The children's father runs a large farming operation. The children's grandparents, as well as other relatives, live close to the father's farm. Appellee's fiancee, who does not work outside the home, has been living with the children's father for several years and has been supportive of the father receiving custody of the children. The father is better off financially than the mother.

The children were ten and twelve at the time of the change of custody hearing. Both were living with their father at that time and had begun school in Hurley. Both children stated to the trial judge that they enjoyed working on their father's farm, that they liked their father's fiancee, and that they preferred the Hurley school system, its sports program, and small classroom sizes, to the Phoenix school system. Although both children spoke favorably of their mother, they were definite in telling the trial judge of their preference to live with their father.

The trial judge modified the original divorce decree by granting the father custody of the children and granting the mother reasonable visitation rights.

The mother contends that the trial court should have declined jurisdiction over the custody proceedings because Arizona was the more convenient forum. We disagree. Although the Uniform Child Custody Jurisdiction Act allows a trial court to decline jurisdiction if it finds that it is an inconvenient forum,[1] numerous factors preclude us from concluding that the trial court was an inconvenient forum or that Arizona would be a more convenient forum.[2]

SDCL 26–5–7 provides:

A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if it is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the

1. SDCL 26–5–22 provides:

A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

SDCL 26–5–23 provides:

In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, including:

(1) If another state is or recently was the child's home state;

(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;

(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

(4) If the parties have agreed on another forum which is no less appropriate.

2. We note that in *Winkelman v. Moses,* 279 N.W.2d 897 (S.D.1979), we held that California was a more appropriate forum than South Dakota in a child custody matter. In that case, however, the child had resided in California for the last five years and had been abducted by her father and brought to South Dakota without notice and court approval.

child's present or future care, protection, training, and personal relationships.

This provision provided the trial court with an adequate basis to assume jurisdiction.

The children had lived in South Dakota until 1978. They had spent a substantial amount of time in this state on their father's farm subsequent to 1978, and at the time of the hearing they had just spent the summer with their father on the farm and were going to school in Hurley. Family, friends, and teachers of the children were available to provide "substantial evidence concerning the child's present or future care, protection, training, and personal relationships." SDCL 26–5–7. The children's connections with this state were comparable to, if not superior to, their connections with Arizona.

■ The mother next contends that her change of residence and the children's preference to live with their father do not constitute a substantial change of circumstances sufficient to permit modification of the initial custody provisions of the divorce decree. Since the initial custody provisions were based on the parents' stipulation and agreement, our recent decision in *Kolb v. Kolb*, 324 N.W.2d 279 (S.D.1982), makes it unnecessary for us to determine whether there was a substantial change of circumstances. The *Kolb* decision provides that when the original decree is based on an agreement of the parties, the party seeking modification is not required to show a substantial change of circumstances. *See also Haskell v. Haskell*, 324 N.W.2d 423 (S.D. 1982).

■ The trial court's decision regarding child custody will be reversed only upon a clear showing of abuse of discretion. SDCL 25–4–45; *Haskell,* supra; *Matter of Ehlen,* 303 N.W.2d 808 (1981). The trial judge in his memorandum opinion characterized both parties as loving and caring parents. Our review of the record leads us to the same conclusion. Although the two environments provided by the parents are quite different from each other, there are no valid generalizations about the superiority of either environment.

The trial court, faced with the difficult task of determining which parent would receive custody, apparently gave substantial consideration to the preference of the children. We have held that the child's preference, while not controlling, may be considered by a trial judge in determining custody matters. *Gillaspie v. Gillaspie,* 272 N.W.2d 795 (1978) (citing SDCL 30–27–19). For similar decisions, see *In re Marriage of Kramer,* 177 Mont. 61, 580 P.2d 439 (1978); *In re Marriage of Bare,* 203 N.W.2d 551 (Iowa 1973); *Guldeman v. Heller,* 151 N.W.2d 436 (N.D.1967). The trial judge found that the two boys were bright, communicative, understanding, and mature for their ages. He also found that their decision to stay with their father appeared to be an intelligent and well-reasoned one that was not the product of coaching. Under the circumstances of this case, we cannot say that the trial judge's reliance on the children's preferences was inappropriate. We also cannot say that the trial judge abused his discretion in modifying the custody provisions of the divorce decree.

Appellant's request for attorney fees is denied.

The order is affirmed.

FOSHEIM, C.J., and DUNN and MORGAN, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurs in result).

I concur in the result of this opinion but disapprove of the language citing *Kolb v. Kolb,* 324 N.W.2d 279 (S.D.1982) (Henderson, J., concurring in part and dissenting in part).

After considering affidavits and testimony pertaining to facts *subsequent to the decree,* the trial court entered fifteen findings of fact and five conclusions of law, the essence of which is contained in Conclusion of Law 5:

There having been a substantial and material change of circumstances since the Decree of Divorce was entered, and

the welfare and best interests of the children so requiring, and Larry Hansen being a fit and proper person to have the custody of the children, he is the proper person to have custody and it shall be awarded to him accordingly.

Therefore, this case should be reviewed under the two-prong test set forth in three recent cases including *Engels v. Engels* which holds:

> [T]he parent seeking modification of custodial rights has the burden of proving by a preponderance of the evidence that (1) there has been a substantial and material change of circumstances since the decree of divorce was entered, and (2) the welfare and best interests of the children require the modification being sought.

*Engels,* 297 N.W.2d 489, 491 (S.D.1980) (citing *Menning v. Menning,* 272 N.W.2d 828, 829–30 (S.D.1978)). *See also, Sneesby v. Davis,* 308 N.W.2d 565 (S.D.1981), and *Martin v. Martin,* 306 N.W.2d 648 (S.D.1981). Under the holding of *In Re Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970), the findings of fact and conclusions of law are not clearly erroneous. This was a classic case of where two country boys were put in the city (streets of Phoenix) but they couldn't take the country out of the boys. The family farm was the rock of their existence. Tearfully, the one boy told the judge he would not return to his mother's custody under any circumstances and would run away if required to return to Phoenix. Yes, facts subsequent to a decree are meaningful.