**Bryce FLINT, Plaintiff and Appellee,**

v.

**Linda K. FLINT, a/k/a Linda K. Holtz, Defendant and Appellant.**

No. 13846.

Supreme Court of South Dakota.

Considered on Briefs Dec. 16, 1982.

Decided June 8, 1983.

Dale R. Hansen of Morrill, Hansen, Hubbard & Brown, Sturgis, for plaintiff and appellee; Michael A. Jackley of Jackley & Flint, Sturgis, on brief.

Jeffry L. Bloomberg, Lead, for defendant and appellant.

MORGAN, Justice (on reassignment).

This is an appeal from an order denying appellant Linda Flint's (mother) motion for change in custody for two minor children and ordering her to pay child support to appellee Bryce Flint (father). Mother appeals and we affirm.

Father and mother were married on September 5, 1970. Two daughters were born during the marriage. The daughters were five and seven years of age at the time their parents were divorced on March 11, 1981. At the time of the divorce, the parties entered into a stipulation regarding custody of the children whereby father would have custody of the children and that later, during the first six months of 1982, the court would review his custody and determine "whether the best interests of the children shall be served by having the children remain in [father's] custody." The court awarded custody to the father and, since the divorce, the daughters have been living with him in Sturgis, South Dakota. Pursuant to mother's motion for change of custody, the trial court conducted a hearing on May 12, 1982, resulting in an order affirming custody in the father. The court also ordered mother to pay $100 per month child support from September through May, the months which the daughters are in school. Mother appeals from the denial of motion for change of custody and from the order requiring her to pay child support.

The first issue presented on this appeal is whether a trial court's reconsideration of a custody order originally based upon the parents' stipulation requires the moving party to show a substantial change of circumstances.

■ The general rule in South Dakota is that a parent seeking modification of a divorce decree as to child custody, SDCL 25-4-45,[1] has the burden of proving both (1) a substantial change of circumstances, and (2) the welfare and best interests of the child require modification. *Masek v. Masek,* 90 S.D. 1, 237 N.W.2d 432 (1976); *Warder v. Warder,* 87 S.D. 133, 203 N.W.2d 531 (1973); *Hershey v. Hershey,* 85 S.D. 85, 177 N.W.2d 267 (1970). An exception to this rule has developed in a recent line of decisions emanating from this court after the entry of the order herein. In *Kolb v. Kolb,* 324 N.W.2d 279 (S.D.1982), this court held that, when the original decree is based on an agreement of the parties, the party seeking modification is not required to show a substantial change of circumstances.[2] Also, in *Hansen v. Hansen,* 327 N.W.2d 47 (S.D.1982), this court followed *Kolb* and held that, since the initial child custody provisions were based upon the parents' stipulation, the *Kolb* decision made it unnecessary to determine whether there was a substantial change of circumstances. *See also Haskell v. Haskell,* 324 N.W.2d 423 (S.D.1982).

■ Since here the parties stipulated that father would have custody of the daughters, the *Kolb* decision removes the element of substantial change of circumstances from the burden of proof. *Kolb, supra.* However, the moving party, here the mother, is left with the burden of showing that the welfare and best interest of the child require modification. *Kolb, supra; Hansen, supra; see* SDCL 30-27-19. In addressing the welfare and best interests of these children, the trial court concluded "[i]t is in the best interests and welfare of

---

1. SDCL 25-4-45 provides: "In an action for divorce the court may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

2. This line of cases was not briefed by the father but was raised by mother in her reply brief. *Kolb v. Kolb,* 324 N.W.2d 279 (S.D. 1982), was released on September 15, 1982. Mother's initial brief was filed August 30, 1982. Father's brief was filed October 12, 1982. Mother's reply brief was filed October 25, 1982.

the children to be with the [father] after considering all the factors for the temporal mental and moral welfare of the children." Conclusion of Law V. In cases such as this, where the custody is based upon a stipulation, the trial court's decision will be reversed only upon a clear abuse of discretion. *Hansen, supra; Haskell, supra.*

■ The testimony at the hearing is that mother is remarried to a civil engineer. Both she and her husband are employed and own a home in a small community in California. Mother testified that she has looked into a private school in their community for her daughters to attend and that she expects to participate in activities with her daughters. One such example is that she plans to be a Brownie Scout Leader.

Father also testified at length during the hearing. He is an attorney living in Sturgis, where he owns a home. Father testified that he adjusts his schedule to make breakfast for the children and fixes them sack lunches for their noon meal during school. Father is quite involved with his daughters' activities, as he is the assistant leader in the older daughter's 4-H group, and he taught them to roller skate. Father is on a bowling team and takes his daughters with him when he bowls. Two witnesses testified at trial that the father's home was clean, and that the daughters seemed well-adjusted, clean, and happy. The daughters' teachers testified that the girls did well in school, and fit in with their peers regarding cleanliness, dress and behavior.

Clearly, from the record, either parent would provide a good home for their daughters. The mother, however, had the burden to prove that the welfare and best interests of their daughters *require* modification. *Kolb, supra.* A review of the record indicates that the court considered numerous factors including that both parents are fit parents, and that the daughters are involved in numerous activities and are "set-

tled-in" in Sturgis. The record does not indicate that the trial court abused its discretion in ordering the children to remain in the father's custody.[3]

■ Finally, we consider whether the trial court abused its discretion in requiring mother to pay $100 per month child support during the school months. Mother contends that since father earns approximately $18,000 per year and she earns approximately $10,000 per year that she should not have to pay child support. Father, however, supports himself and their two children on his salary. We note this order requires child support only during the school months, apparently to assist in the daughters' expenses for school. Considering the amount ($50 per child), the time period (only school months), and the relative income and dependents of the parties, this order was not an abuse of the trial court's discretion.

We affirm.

FOSHEIM, C.J., and WOLLMAN and DUNN, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (concurring in result).

Although I concur in the result as written, I am unable to embrace the majority opinion's new-found exception as extrapolated from the *Kolb* dicta and *Hansen v. Hansen,* as cited in the majority opinion. I am not willing to forsake the well-established and proven two-prong test in *Sneesby v. Davis,* 308 N.W.2d 565 (S.D.1981), and a long line of prior cases enunciating that test.

---

3. The second issue raised by mother is whether she met the burden of proving "a substantial change in circumstances." Since this element is not required to seek modification of custody established by stipulation, we will not address this as an issue. The evidence adduced, however, has been considered in conjunction with the issue of best interests of the children.