**Ralph NAUMAN, Plaintiff and Appellee,**

v.

**Cheryl NAUMAN, Defendant
and Appellant.**

**No. 16055.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1989.

Decided Aug. 30, 1989.

Alan F. Glover of Denholm & Glover, Brookings, for plaintiff and appellee.

Julie L. Irvine, Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

Cheryl A. Cunningham (mother) appeals from an order modifying judgment and decree of divorce which awarded custody of the parties' children to Ralph Nauman (father). We affirm.

FACTS

The various proceedings in this action have already resulted in two appeals to this court. *See Nauman v. Nauman*, 336 N.W.2d 662 (S.D.1983); *Nauman v. Nauman*, 320 N.W.2d 519 (S.D.1982). Father and mother were divorced in 1980, and custody of the parties' two children was awarded to mother. Pursuant to orders entered in 1982 and 1984, father had extended visitation rights during the months of June, July, and August of each year, although mother was permitted to have the children during the first weekend in July and August. Mother retained custody of the children during the rest of the year at her home in Mitchell, South Dakota.

Father exercised his visitation rights during the summer of 1987, and the children lived with him and his new wife at their residence in Brookings, South Dakota, throughout the month of June. With the consent of father, mother picked up the children on July 3, 1987, for her weekend visitation. The parties agreed that the children would be returned to father on July 6 or 7. However, on July 7, 1987, mother called father and informed him she would not return the children. Instead, mother removed the children to McCook, Nebraska, where she and her new husband had recently moved. Despite telephone calls from father and his wife, mother refused to return the children. She claimed that the children were afraid of father and did not want to go back to Brookings. Ultimately, the children were returned to father, but only after he instituted a criminal action against mother. Father was required to fly to Nebraska to pick up the children.

In an application dated July 14, 1987, father sought a change of custody. Following a hearing, the trial court found that there had been a substantial and material change in circumstances which warranted a modification of the custody provisions of the divorce decree. The trial court concluded that it is in the best interests of the

children that they be placed in the custody of father, subject to reasonable visitation rights for mother.

## ISSUE

Did the trial court abuse its discretion in determining that the best interests of the children required a change of custody?

## DECISION

■ The paramount consideration in deciding the issue of child custody is the best interests of the child. SDCL 30–27–19; *Lindley v. Lindley*, 401 N.W.2d 732 (S.D. 1987). The trial court is vested with broad discretion in deciding questions of child custody modification, and the court's decision will be reversed only upon a clear showing of an abuse of that discretion. *Andersen v. Andersen*, 399 N.W.2d 363 (S.D.1987); *Menning v. Menning*, 272 N.W.2d 828 (S.D.1978). The parent seeking modification of custodial rights has the burden of proving 1) that there has been a substantial and material change of circumstances since the decree of divorce was entered, and 2) that the welfare and best interests of the children require modification. *Id.*

■ Here, the record indicates that there was in fact a substantial and material change in circumstances since the decree of divorce was entered. Most importantly, mother has been unwilling to abide by the trial court's orders regarding visitation, thereby aggravating an already hostile relationship between the parties. She has also attempted to alienate the children from their father, as shown by the children's parroting of language used by mother in her arguments with father. Furthermore, mother has communicated her hostile feelings through the children rather than by direct communication with father, and she has allowed the children to read the legal documents in this case and has solicited their responses.

A review of the record also shows that the welfare and best interests of the children require modification of custody. A psychologist who examined both children testified that their mental health would suffer unless they have consistent ongoing contact with both parents. He recommended that custody be awarded to the parent who will allow the most contact with the noncustodial parent. This has certainly not occurred when the children are in mother's custody. She has sought to prevent visitation with father, even to the point of disregarding court orders. Therefore, we conclude that the trial court did not abuse its discretion in awarding custody of the children to father. *Flint v. Flint*, 334 N.W.2d 680 (S.D.1983); *Hansen v. Hansen*, 327 N.W.2d 47 (S.D.1982). In doing so, we recognize that father has not been a paragon of virtue in these proceedings, and his testimony has often been in conflict with mother's testimony. However, the trial court's decision, based on its first hand opportunity to gauge the credibility of the parties, must be given the appropriate deference mandated under our scope of review. *Saint–Pierre v. Saint–Pierre*, 357 N.W.2d 250 (S.D.1984); *Schmitz v. Schmitz*, 351 N.W.2d 143 (S.D.1984).

Finally, mother claims that the trial court's order should be reversed since it will disturb the children's relationship with their half-siblings. We refuse to address this argument since the issue was not raised at the trial court level. *Sobolik v. Stone*, 420 N.W.2d 764 (S.D.1988); *Mayrose v. Fendrich*, 347 N.W.2d 585 (S.D. 1984).

## ATTORNEY FEES

Both parties have filed affidavits itemizing the costs incurred and legal services rendered in this matter. *Malcolm v. Malcolm*, 365 N.W.2d 863 (S.D.1985). After due consideration, we decline to award attorney fees to either party.

Affirmed.

MORGAN and MILLER, JJ., concur.

SABERS, J., dissents.

WUEST, C.J., disqualified.

SABERS, Justice (dissenting).

I dissent because there is more support in this record for mother's position than for father's position.

Mother's reply brief states,

The Trial Court did find that the father provided a comfortable home in Brookings, and partially based his decision on the fact. However, the Court should take notice of the fact that, on June 1, 1988, the father and his wife moved to Moscow, Idaho, further uprooting the children.

If this is true, father's conduct is similar to that of mother's which resulted in kidnapping charges, conviction, and loss of custody. This matter should be remanded to the trial court to determine what really is in the best interests of the children.