Linda Katherine McKINNIE, Appellant,

v.

Roland Lee McKINNIE, III, Appellee.

No. 17149.

Supreme Court of South Dakota.

Considered on Briefs Jan. 10, 1991.

June 19, 1991.

Bill Froke, East River Legal Services, Sioux Falls, for appellant.

William D. Matheson, Sioux Falls, for appellee.

HERTZ, Acting Justice.

Linda Katherine McKinnie (Linda) appeals an order changing custody of the parties' minor child, Farah, from Linda to the child's father, Roland Lee McKinnie (Roland). We affirm.

### FACTS

Linda and Roland were married in 1975. One child, Farah, was born during the marriage on February 14, 1976. On June 28, 1984, Linda served Roland with a summons and complaint for divorce. Linda sought custody of Farah in her complaint. Roland admitted service of the summons and complaint but filed no answer in the divorce proceeding and entered no appearance in the action.

A hearing was held in the divorce action on September 27, 1984. After the hearing, the trial court entered findings of fact, conclusions of law and a judgment and decree of divorce. The trial court determined that Roland was wholly in default in the action and found as a fact that, "since the birth of the minor child, [Linda] has been the primary person to take care of the child's basic needs, is a good and fit mother and is the proper person to have the custody of said minor child." Accordingly, the trial court awarded Linda custody of Farah subject to Roland's reasonable rights of visitation.

The record reflects that a series of disputes eventually arose between the parties concerning child support, the care of Farah and Roland's exercise of his visitation rights. There are numerous affidavits and court orders in the record on these matters. In July 1989, Roland filed a motion for a temporary change in Farah's custody pending a hearing on a request for a permanent change in custody. On July 27, 1989, the trial court entered its temporary order changing custody to Roland. Subsequently, the trial court appointed counsel to represent Farah's interests in the matter.

The trial court ultimately held a hearing on father's motion for a permanent change

in Farah's custody on February 1 and 2, 1990. On February 15, 1990, the trial court issued its memorandum decision (later incorporated by reference in its findings of fact and conclusions of law). The trial court found it to be in Farah's best interests to change custody to Roland for the following reasons: Farah was improving in school; Farah and Linda did not communicate well; Roland understood Farah's special medical and dental needs and her need for a stable home environment; the opinion of Farah's counselor that she should remain with Roland; Farah had expressed her desire to remain with Roland; and, Farah had developed friends while staying with Roland and liked the school system and her teachers.

■ The trial court subsequently entered findings of fact and conclusions of law in support of its decision. On March 12, 1990, it entered its order changing Farah's custody to Roland. Linda appeals.

### ISSUE

WHETHER THE TRIAL COURT ERRED IN FAILING TO REQUIRE ROLAND TO ESTABLISH A SUBSTANTIAL CHANGE IN CIRCUMSTANCES TO ACHIEVE A CHANGE IN FARAH'S CUSTODY?

> As a general rule, a parent seeking a change of custody must show 1) a substantial change of circumstances, and 2) that the welfare and best interests of the child require modification. However, when custody is not contested in the divorce, the party seeking a change of custody is not required to show a substantial change of circumstances.

*Schmidt v. Schmidt*, 444 N.W.2d 367, 369 (S.D.1989) (citations omitted). The genesis for this rule was this court's decision in *Kolb v. Kolb*, 324 N.W.2d 279 (S.D.1982).

In reaching its decision in this matter, the trial court first had to determine the appropriate evidentiary burden to apply to Roland's motion to change custody. In resolving this question, the trial court noted that despite the fact that a finding was entered in the divorce action concerning Linda's parental fitness, Roland did not appear at the divorce hearing and entered no evidence on the issue of child custody. Accordingly, the trial court applied the rule of *Kolb* and concluded that Roland was *not* required to prove a substantial change in circumstances in order to achieve a change in Farah's custody.

On appeal, Linda asserts that there is no precedent for the trial court's application of *Kolb* to a situation where the original custody determination was part of a default divorce decree. She details the historical development of the *Kolb* rule and provides a policy argument as to why *Kolb* should not apply to custody orders entered on default divorce decrees. In essence, she argues that recognition of *Kolb* in such cases will encourage vexatious litigation of custody issues by parties who have intentionally chosen not to make any appearance in the original custody proceeding. She asserts that the penalty for a party's deliberate refusal to participate in the original custody proceeding should be imposition of the substantial change of circumstances burden of proof in a subsequent modification proceeding.

Despite the extensive and detailed argument advanced by Linda, we find that her contentions were clearly resolved by this court in reaching its decision in *Kolb*. Although, as Linda asserts, much of *Kolb* involves a discussion of the substantial change in circumstances rule as a means of avoiding vexatious litigation in custody cases, the decision also provides a theoretical and policy basis for avoiding the rule where custody is not litigated in an original divorce action.

*Kolb* recognizes that divorce proceedings often do not provide an ideal setting for settling issues concerning child custody:

> It is well recognized that the stress, animosities, and economic exigencies which frequently surround divorce proceedings may not provide a suitable setting for a child custody agreement based solely on the best interests of the children. Paramount may be an urgent desire by one or both parties to end the marriage or the parents may use custody as a means of

bargaining over whether the application for divorce will be contested.

*Kolb,* 324 N.W.2d at 283 (citations omitted). *Kolb* also recognizes that the personal desires of the parties to end the marriage often lead to custody agreements or determinations made by trial courts without a full factual platform on which to base a best interests of the child determination relative to custody. In *Kolb,* we referred to this as a, "factual absence," leading to custody dispositions resting on, "synthetic moorings." *Kolb,* 324 N.W.2d at 282–283. As we said in full:

> We believe that a factual absence occurs alike when the divorce decree, as in this case, rests solely on a separation agreement or when it is based on some facts, but devoid of other material facts then existing concerning the best interests of the children. Under either circumstance, evidence concerning child custody has not been litigated and to that extent should not be deemed adjudicated in a subsequent modification hearing.

> \* \* \* \* \* \*

> A custody disposition resting on such synthetic moorings should not be permitted to frustrate a subsequent best interest review after the dust from the marital dissolution has at least somewhat settled.

*Id.*

In the above analysis, this court recognized the reality that the circumstances surrounding a divorce may often cause parties to enter into custody agreements or allow custody situations that, even at the time of the divorce, may not truly represent the best interests of the child. However, because of the parties' failure, for whatever reason, to contest these custody arrangements, the trial courts are placed in the position of rendering custody determinations in a factual vacuum with little or no evidence on which to base a legitimate best interests of the child determination.

▌ Kolb recognizes that the parties *are* at fault in allowing such custody situations to develop. In almost any other civil action, the parties would be precluded from continued vexatious litigation over the is-

sue because of the doctrine of res judicata. However, in child custody cases, "[t]he *paramount* consideration in deciding the issue of child custody is the best interests of the child." *Nauman v. Nauman,* 445 N.W.2d 38, 39 (S.D.1989) (emphasis added). *Kolb* also recognizes that whatever interest might exist in punishing parties for their initial failure to litigate custody by precluding them from easy relitigation of the issue must be balanced against the best interests of the child:

> Opposing social interests must be balanced in determining to what extent an award of custody may be regarded as being subject to reopening for consideration of matters in existence but not considered in the original proceedings, the state being interested alike in safeguarding the welfare of the child, innocent victim of its parents' marital mishaps, *and* in insuring that litigation be conducted in an orderly manner to a definite conclusion.

*Kolb,* 324 N.W.2d at 283 (emphasis added) (*quoting* Annot., 9 A.L.R.2d 623, 624 (1950)). Or, as also noted in *Kolb:*

> Although the [substantial change in circumstances] rule is based upon pragmatic, practical reasons, ... it should be applied to aid trial courts in carrying out their statutory duty to provide for the best interests of the child, SDCL 30–27–19(1), and should not be allowed to create a mechanistic barrier to frustrate the performance of that duty.

*Kolb,* 324 N.W.2d at 281 (*quoting Masek v. Masek,* 90 S.D. 1, 8, 237 N.W.2d 432, 435 (1976) (Wollman, J., dissenting)).

In *Kolb,* this court balanced the competing interests of securing the best interests of children in custody disputes with the interest in finality of litigation by holding that:

> When the original decree is based on an agreement of the parties, the modification hearing should be free from the substantial change of circumstances constraints as this is the first meaningful opportunity *for a trial court* to fully

hear and decide all unlitigated matters of custody.

*Kolb,* 324 N.W.2d at 283 (emphasis added).

Here, just as in *Kolb,* no evidence was offered at the time of the divorce concerning custody because Roland defaulted in the divorce proceeding and did not appear or offer evidence at the hearing. Thus, the trial court's finding after the hearing that Linda should have custody was a custody disposition resting on "synthetic moorings" as condemned in *Kolb.* Facts pertinent to custody were not put in issue, involved, tried or determined by the court as a basis for its custody determination. Thus, Roland's modification proceeding was, "the first meaningful opportunity for *[the] trial court* to fully hear and decide all unlitigated matters of custody." *Kolb,* 324 N.W.2d at 283 (emphasis added). Accordingly, under *Kolb,* the trial court correctly held that Roland was not required to prove a substantial change in circumstances to achieve a change in Farah's custody. *See, e.g., Larson v. Larson,* 350 N.W.2d 62 (S.D.1984) (where original custody of child was determined by agreement of parties incorporated in *default* divorce decree, mother not required to establish substantial change in circumstances to achieve change in custody). *See also, Schmidt, supra,* (where parties stipulated to custody and father did not present evidence at divorce hearing or contest custody, father not required to establish substantial change in circumstances to achieve change in custody); *Stewart v. Stewart,* 86 Idaho 108, 383 P.2d 617 (1963) (cited in *Kolb, supra* ) (where facts are not disclosed to court when custody decree is entered, *especially in default cases,* facts may be considered in subsequent custody determination).

Affirmed.

MILLER, C.J., and WUEST and SABERS, JJ., concur.

HENDERSON, J., concurs in result.

AMUNDSON, J., not having been a member of the Court at the time this action was submitted did not participate.

HENDERSON, Justice (concurring in result).

Although I disagreed with the majority opinion in *Kolb* by formal dissent, it is the majority viewpoint, and thus the law, of this state. I would continue to opt for the substantial change of circumstances but that is a singular viewpoint in *this Court.* Many jurisdictions, however, agree with my minority viewpoint.

However, under the substantial change of circumstances rule, it is my opinion that there did exist a substantial change of circumstances in this case which justified a change of custody to the father. There were extensive facts, considered by Judge Kean, which demonstrate that he considered the best interests of the child, and particularly the child's moral, intellectual, and temporal welfare. *Holforty v. Holforty,* 272 N.W.2d 810 (S.D.1978).